## Ky. Heating Co. v. Calor Oil & Gas Co.

(Decided January 26, 1912.)

### Appeal from Meade Circuit Court.

Constitutional Law.—Section 3766b, Kentucky Statutes, which empowers oil and gas companies to exercise the right of eminent domain by condemning land for pipe line purposes is not unconstitutional.

O'DOHERTY & YONTS and M. L. RICHARDSON for appellant.

HUMPHREY & HUMPHREY and L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

Appellee, Calor Oil & Gas Company, instituted this proceeding to condemn a pipe line right of way over a strip of ground twenty-seven feet wide and eight hundred and seventy-one feet long over the land of the Kentucky Heating Company. The strip of land named was a part of that already condemned and occupied by the L., H. & St. L. Railway Company. It is one of a number of like import which have reached this court from the Meade Circuit Court. In the former opinions of the court in the cases of Calor Oil & Gas Co. v. Franzell, 128 Ky., 715, Calor Oil & Gas Co. v. Franzell, 122 S. W., 188, and Calor Oil & Gas Co. v. Kentucny Heating Company, 141 Ky., 489, this court has declared the constitutionality of the statute (Kentucky Statutes, Section 3766b) under which the appellee instituted this condemnation proceeding; has upheld the right of the Calor Oil & Gas Company to institute and maintain condemnation proceedings; has fixed the measure of damages; the legal incorporation of that company upon the testimony introduced; and generally has settled adversely to the appellant the legal questions urged by it upon this appeal. We are not disposed to alter the position taken in those cases.

In the case at bar there was a good deal of confusion and a good deal of difficulty in the production of defendent's testimony upon the subject of values. We incline to the belief that the trial court was unduly strict in its rulings upon the testimony; and perhaps in anticipating that the answers of witnesses would be predicated upon improper bases in fixing their views as to values. There was some degree of feeling prevalent at

the trial—perhaps some resentment felt by appellant's counsel at what they believed to be an interference by the court with their conduct of the case. We have carefully gone over the record, however, in an effort to ascertain whether the appellant was denied the right to introduce any competent testimony serving to illustrate its side of the case. We find under the measure of values laid down by this court in the opinions supra and the rule as to what elements might enter into this ascertainment of values as established by those cases, that no testimony competent to be admitted within the somewhat strict lines of those cases was denied admission.

There is no complaint of the instructions; but upon the contrary counsel frankly admits that the instructions given conform to those indicated as proper in the various similar condemnation cases which had reached this court.

Upon the whole case we find no substantial error in the record against the rights of the appellant, and affirm the judgment of the trial court upon its conformity to the rulings of this court in its similar prior cases.