## Guthrie's Executor, et al. v. Guthrie.

(Decided October 7, 1913).

## Appeal from Shelby Circuit Court.

1.  Insurance, Life—Right of Divorced Wife to—Divorce Granted by Illinois Court—Statute of Kentucky in Such Case.—It not being alleged that there are, or were in force at the time of the divorce in Illinois, laws of similar import to sections 425 of the Civil Code, and 2121, Kentucky Statutes, it cannot be said that the interest of appellee in her former husband's insurance was destroyed by the judgment of divorce in Illinois. The court of that State having jurisdiction of the parties and the subject matter, and the record not disclosing that it was the duty of that court under the laws of Illinois, to restore any property obtained through the other during marriage, or in consideration thereof, and in view of the further fact that the insured never attempted to change the beneficiary named in the policy, the appellee named as beneficiary is entitled to the proceeds.

2.  Insurance, Life—Divorced Wife Under Decree of Illinois Court Entitled to Proceeds of policy.—A wife divorced under a decree of the courts of Illinois, is entitled to the proceeds of insurance on the life of her divorced husband, where the policy was made payable to her, and where the husband had the right to change the beneficiary named in the policy, but did not do so, and the divorce court having made no award with reference to it.

P. J. BEARD, C. G. BARRICKMAN for appellants.

WILLIS. TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

James M. Guthrie died testate, and a resident of Shelby County, Kentucky, on May 16, 1912, and this is a controversy between his brother, Charles W. Guthrie, as his executor, and his divorced wife, Mary B. Guthrie, as to their rights to the proceeds of a $1,000 policy issued by the Northwestern Mutual Life Insurance Company on the life of James M. Guthrie, March 8, 1901.

It appears from the record that James M. and Mary B. Guthrie were married in Kentucky in August, 1898, and were living together as husband and wife at the time the insurance policy was issued, and so continued to live until December 20, 1909.

Some time after the policy was issued Guthrie and wife took up their residence in the city of Chicago, Illinois. Upon the grounds of drunkenness, the appellee,

Mary B. Guthrie, instituted suit for divorce in the circuit court of Cook County, State of Illinois, where they were then residing, and on December 20, 1909, by a decree in that court she and her husband were divorced from the bonds of matrimony, and in an elaborate judgment that court undertook to define and settle the rights of property between the parties according to the laws and practice of that State, and without any reference to the laws of Kentucky. In that judgment another policy of insurance was referred to, and the right to the proceeds settled, but no mention was made of the policy involved in this case.

On May 16, 1912, when James M. Guthrie died, the $1,000 policy set up in this case was still in force, and by its terms the Company promised upon the death of the insured to pay unto "Mary B. Guthrie, Beneficiary, Wife of James M. Guthrie, the Insured, of Shelbyville, in the State of Kentucky, subject to the right of the Insured to change the Beneficiary or Beneficiaries as hereinafter provided * * * provided, however, that if no beneficiary shall survive the said Insured, then such payment shall be made to the Executors, Administrators, or Assigns of the said Insured."

James M. Guthrie never attempted to change the beneficiary named in the policy; that is, he never gave the company any notice of such a desire, or in any way complied with the requirements of the company to that end. However, he did leave a will which was duly probated in the Shelby County Court, and by it he devised all of his property to his only child and heir at law, a daughter, Virginia B. Guthrie, an infant under fourteen years of age, and specifically provided that his wife, for reasons stated in the will, should take no interest in his estate. He made no mention of this insurance policy.

He appointed the appellant, Charles W. Guthrie as his executor, and guardian for his daughter, Virginia B. Guthrie. The executor in the Shelby Circuit Court sued the appellees, insurance company and Mary B. Guthrie, claiming the proceeds of the policy as a part of decedent's estate. The insurance company answered and paid the money into court for its disposition. Mary B. Guthrie after demurrer to the petition filed answer and cross petition to which demurrer was filed.

By agreement the cause was submitted on the pleadings and exhibits, and the court adjudged Mary B.

Guthrie entitled to the proceeds of the insurance policy, and the executor has appealed.

There is only one question involved, and that is, whether a wife, divorced under decree of the courts of Illinois, is entitled to the proceeds of insurance on the life of her divorced husband, where the policy was made payable to her, and where the husband had the right to change the beneficiary named in the policy, but did not do so, and the divorce court having made no award with reference to it.

This policy of insurance is known as the "Ordinary" or "Old Line," and on the claim of a divorced wife, named as a beneficiary, to the proceeds of life insurance on the husband, the courts have made a distinction between ordinary and fraternal insurance policies. Fraternal societies are organized and chartered for charitable purposes, the chief of which is to care for families of deceased members. Their benefits are restricted to certain classes, and the insurance can only be made payable to dependents of the insured.

Numerous cases involving fraternal insurance have been before this court, and the general rule has been applied, and held that a divorced wife cannot recover insurance issued by fraternal orders on the life of her divorced husband. Green v. Green, 147 Ky., 608; Leaf v. Leaf, 92 Ky., 168; Western & So. Life Ins. Co. v. Breeden, 148 Ky., 488; Green v. Knights & Ladies of Security, 146 Ky., 414.

In ordinary life policies it has been generally held in other jurisdictions that the beneficiary takes a vested interest when the policy is issued, conditioned upon the right of the insured to change it, and that nothing short of this change by the insured, not even a divorce from her, will operate to divest her of the interest. This court has never approved of that rule.

In the recent case of Conrad's Administrator v. Eva Conrad handed down on October 1st and published in 155 Ky., the question for the first time was squarely presented to this court, and and was there held that the right of such claimants is controlled by the provisions of section 425 of the Civil Code, and section 2121 of the Kentucky Statutes. Though not in all respects identical in language, these sections are the same in meaning, and, therefore, it is needful to quote only section 425 of the Code which is as follows:

"Every judgment for a divorce from the bond of
matrimony shall contain an order restoring any property
not disposed of at the commencement of the action, which
either party may have obtained, directly or indirectly,
from or through the other, during marriage, in consider-
ation or by reason thereof; and any property so obtained,
without valuable consideration, shall be deemed to have
been obtained by reason of marriage. The proceedings
to enforce this order may be by petition of either party,
specifying the property which the other has failed to
restore; and the court may hear and determine the same
in a summary manner, after ten days' notice to the
party so failing."

In view of that section of the code, this court in the
Conrad case, supra, holds that although she was the
beneficiary named in the policy, yet she was so named
by the insured because she was his wife, and, therefore,
had an insurable interest in his life; "it is patent, there-
fore, that whatever interest or right she then had, or
took under the policy, was acquired in consideration or
by reason of her marriage to Henry Conrad. The inter-
est or right she thus acquired was destroyed by the judg-
ment of divorce which operated by virtue of its terms,
and under the provisions of the Code, to divest her of
it."

And this is true whether the return of property is
ordered by judgment of divorce, or in a subsequent pro-
ceeding.

The appellants, however, insist that the divorce
granted by the circuit court of Cook County, Illinois, and
which admittedly had jurisdiction of the parties, like
a Kentucky divorce decree of itself, operates to bar the
right of the divorced wife, and is one of the conditions
that divest her of any interest in the policy of insurance;
that is, the Illinois decree should have the same effect
as a divorce granted in Kentucky.

The difficulty is, that appellant makes no allegation
that there are, or were in force at the time of the divorce
in Illinois any laws of similar import to the Kentucky
Statute and Code above referred to.

Since the Illinois court had jurisdiction of the parties
and the subject matter, and the record not disclosing
that it was the duty of that court under the laws of Illi-
nois to restore any property obtained through the other
marriage, or in consideration, or by reason thereof, and
in view of the further fact that James M. Guthrie never

attempted to change the beneficiary named in the policy, we are constrained to hold that Mary B. Guthrie named as beneficiary is entitled to the proceeds, and the judgment of the lower court is, therefore, affirmed.