## Glenn, et al. v. Hollingsworth.

(Decided December 19, 1924.)

### Appeal from Allen Circuit Court.

1. Pleading—Plaintiff Required to Elect where Cause of Action in Second Amended Petition Inconsistent with Original Petition.— As cause of action pleaded in plaintiff's second amended petition, in suit to recover for drilling of oil wells, alleging one contract was with one defendant, and one contract with the other was inconsistent with original petition, alleging joint and several agreements, court erred in not requiring plaintiff to elect which cause he would prosecute.

2. Mines and Minerals—Petition in Action to Recover Against One Not Party to Written Contract Held Not to State a Cause of Action.—Amended petition, in action to recover for drilling oil wells against one not party to written contract, held not to set forth facts as to mutual mistake sufficient to constitute a cause of action against defendant, especially where it did not ask reformation.

3. Reformation of Instruments—Evidence Held Not to Warrant Reformation of Contract for Drilling Oil Wells, so as to Include Name of Defendant.—Evidence held not to warrant reformation of a contract for drilling oil wells, so as to include name of defendant, alleged to have been omitted by mutual mistake.

4. Reformation of Instruments—Written Contract Not Reformed, Except on Satisfactory Evidence that Parties by Mutual Mistake Omitted Something Therefrom.—Written contract is not reformed, except on clear and satisfactory evidence that parties by mutual mistake omitted something therefrom, or wrote something into it which was not a part of agreement; a mere preponderance of evidence being insufficient.

5. Reformation of Instruments—Reformation Not had Without Proper Averments and Prayer to Warrant.—No reformation of a contract can be had without proper averments and prayer to warrant it.

BASIL RICHARDSON for appellant.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Alleging that Glenn owed him $597.50 on two contracts for drilling oil wells for him, appellee Hollingsworth commenced this action in the Allen circuit court against Glenn, individually, to recover that sum and for a general order of attachment against the property of

Glenn, on the ground that he was insolvent and that the collection of the demand would be endangered by delay in obtaining judgment and return of no property found. A month or so later the plaintiff amended his petition by making the Irene Oil & Gas Company a party defendant, alleging the company "is jointly liable with defendant Glenn for the payment of his demand sued on herein, and that defendant Glenn, and defendant Irene Oil & Gas Company, are jointly and severally liable for payment of plaintiff's demand for $597.50 with interest from date until paid, and that they jointly and severally undertook and obligated themselves to pay for the work and have promised and agreed to pay same, and that both defendants named received benefit of plaintiff's labor, material and supplies and that both have repeatedly promised and agreed to pay plaintiff's demand.

Appellant Glenn entered a motion to discharge the attachment on the face of the papers. Without waiving that motion he filed answer in which he controverted the averments of the petition, both with respect to the debt and the attachment. By a second paragraph he alleged that the debt sued on was that of the oil company only and that he was not responsible in any way for it; that the contracts were in writing and were signed and executed between the Irene Oil & Gas Company and appellee Hollingsworth, and that appellant Glenn was not a party to said contracts and was not in any way obligated under or by the contracts; that he did not undertake to pay the debt of the corporation and that if he had done so, which he denied, the contract was not enforceable because in violation of the statutes of frauds upon which he pleaded and relied. The contracts filed with the answer are almost indentical in terms, one being dated July 16, 1921, and the other August 15, 1921, the first one reading:

"This contract executed the 16th day of July, 1921, by and beween Irene Oil & Gas Company of Springfield, Mo., party of the first part, and J. M. Hollingsworth of Scottsville, Ky., party of the second part.

"WITNESSETH: That party of the first part has this day engaged and contracted with party of the second part to drill for it a well for oil and gas on the lands of Robert Whitney, situated in Barren county, Kentucky, and for his services and furnishing drilling rig and fuel and the completion of said

well first party obligates itself to pay second party $2.00 per foot for drilling and $1.00 per foot for any reaming that may be necessary in said well, and further agrees to pay second party $25.00 per day for pulling casing, tubing said well, etc., that may be required by first party, and also to include any delay caused second party by not having casing or tubing on hand when needed. Said casing and tubing to be furnished by first party.

"It is further agreed that at the completion of each 100 feet party of the first part is to pay party of the second part $100.00 and the balance of the cost for drilling said well to be paid upon the completion thereof, after deducting one-fourth ($\frac{1}{4}$) of the cost of drilling which party of the second part agrees to accept in stock to be issued by said company at $25.00 per share.

"Witness the signature of the parties hereto, this the day and date first above written.

　　　　　　　"IRENE OIL & GAS CO., INC.,
　　　　　　　By R. F. GLENN, President,
　　　　　　　J. M. HOLLINGSWORTH."

A general demurrer was filed to the answer and overruled. No answer was filed by the company. As to it the court entered a judgment for the whole amount prayed, $597.50, with interest. Thereafter the court in passing upon a demurrer to the answer ordered that the plaintiff have leave to amend his petition, and later this was done. In a second amendment the plaintiff alleged he had drilled two wells for appellant oil company and Glenn under the two contracts to which we have referred, and that there was a balance due him of $117.50 on the first well, and $480.00 due him upon the second well; that the first well was drilled for the oil company but that the second well was drilled on a contract with appellant Glenn only and that the oil company was not in any way laible on the contract, the same being wholly undertaken by Glenn, the averment being: "He alleges that the real contract for the drilling of said well and the only contract for drilling was between this plaintiff and the defendant, R. F. Glenn, and that the written contract was made merely for the benefit of defendant, R. F. Glenn, to assist him in collecting from the Irene Oil & Gas Company the amount he agreed and contracted and promised to pay to drill said well."

The amended petition then set forth facts showing that Glenn owned other leases in the vicinity of the drilling and that he was anxious to have the well drilled so as to develop his other property independently of the company's interest. This pleading also contains this averment: "Plaintiff alleges that by mutual mistake and oversight the name of defendant, R. F. Glenn, did not appear in the written contract, for said second well filed with defendant's answer, and that defendant R. F. Glenn and this plaintiff mutually understood and agreed and contracted that the real and only contract upon which plaintiff relied and which was made was the contract between plaintiff and defendant, R. F. Glenn, which was ratified by defendant Glenn as aforesaid." To that amended petition is a prayer in the following words: "Wherefore plaintiff prays judgment on his amendment and for the amount sued for in his petition."

Appellant Glenn filed a written motion to strike the second amended petition on the ground that it presented a new cause of action and was a variance from the cause set up in the original petition, and first amendment. He also moved the court to require appellee Hollingsworth to elect which cause of action he would prosecute, that set forth in the original petition as first amended, or the other cause set forth in the second amended petition. Glenn also demurred generally to the petition of the plaintiff as amended.

The answer to the second amended petition put in issue all of the material averments of that pleading. The second paragraph of the answer set forth facts showing the inconsistency between plaintiff's original petition as amended and the second amended petition, and further pleaded that appellee Hollingsworth had been awarded judgment against the company for the whole amount, whereas in the second amended petition he admitted the company was not indebted to him in the sum of $597.50, as adjudged, but that Glenn was indebted to him in the sum of $480.00 of the $597.50 claimed against both the company and appellant Glenn, and that the company did not owe any part of the $480.00. He denied that the name of Glenn was left out of the contract by mutual mistake and oversight of the parties. All this was offered in estoppel against appellee's right to maintain his plea as set forth in the second amended petition. A reply made up the issues.

There were only two depositions taken. Hollingsworth testified for himself and Glenn testified for his side.

The court overruled appellant's motion to require appellee to elect which cause of action he would prosecute, the one against the company, or the one against Glenn as set forth in the second amended petition; and also overruled defendant's demurrer to the second amended petition. Thereupon the court gave judgment against Glenn for the sum of $480.00, with interest.

As the averments of appellee Hollingsworth's second amended petition were inconsistent with that pleaded in his original petition, the court should have sustained appellant's motion to require him to elect which cause he would prosecute, and it erred to his great prejudice in holding otherwise.

The general demurrer to the second amended petition should have been sustained because it does not set forth facts sufficient to constitute a cause of action against appellant Glenn.

· The plea of mutual mistake of the parties in drafting the contract to drill the wells, the language of which is set out above, was wholly insufficient, as will be seen from a casual reading of it. Besides, there was no prayer for reformation of the contract. The written contracts are a part of the record and are acknowledged by appellee to have been executed in that form.

The evidence for Hollingsworth tends to show that he had the contracts prepared and carried them to appellant Glenn, as president of the company, to obtain his signature. He admits that he carried out the contracts and that he received from the company the stock which he agreed to take in part payment for the drilling. He also admits he kept a copy of the contract and read it over. More inconsistent still with his contention of mutual mistake is his statement that he refused to drill the well for the company but agreed to drill it for Glenn, and notwithstanding that fact, he drew the contract between himself and the company instead of between him and Glenn. When testifying Hollingsworth was asked:

"Q. Why was it you contracted with Mr. Glenn individually to drill well No. 1 and not with the company? A. Because the company did not have any money to pay for well No. 1, and I knew they could not pay for this well No. 2. Q. What was said in

that connection? A. Mr. Glenn wanted me to drill this well No. 2, and I told him I wouldn't unless he would pay me for it. Q. What did he say about that? A. He said all right. Q. Did you make any contract with the Irene Oil & Gas Company through Mr. Glenn to drill well No. 2? A. No, sir. Q. With whom was the real contract for well No. 2 on the Robert Whitney farm made, Mr. Hollingsworth? A. With Mr. Glenn. Q. Who wrote the contract for that well? A. My son wrote it."

The above evidence clearly shows that appellee Hollingsworth and Glenn had talked the matter over. Hollingsworth claims he refused to drill the well for the company and yet admits that he had argued the matter out with Glenn and refused to drill the well for the company. He prepared the contract between himself and the company, or had his son to do so. This evidence is irreconcilable with the conduct of reasonable men; especially is this so when one had the matter brought sharply to his attention and then reads the contract over, retaining a copy for himself. On the merits of the case the evidence appears to preponderate in favor of appellant. At any rate our rule is never to reform a written contract except upon clear and satisfactory evidence that the parties had by mutual mistake omitted something from the contract, or wrote something into it which was not a part of the agreement. In the case of Griffith v. York, 152 Ky., 16, was held a mere preponderance of the evidence is not sufficient, but the evidence must be clear, full, convincing, and decisive. Cook v. Day, 168 Ky. 282.

Without a reformation of the contract appellee's cause is hopeless. The writing is absolutely against him. No reformation of a contract could be had without proper averments and prayer to warrant such, and no reformation can yet be had unless sustained by clear and convincing evidence. The able trial judge erred in overruling the demurrer to the second amended petition and in overruling motion of appellant to require the appellee to elect which cause of action he would prosecute.

Motion for appeal sustained and appeal granted, and judgment reversed for proceedings consistent with this opinion.