## Harrison et al. v. Kelleman et al.

### Jan. 15, 1943.

Charles B. Spicer for appellants.

J. C. Baker and E. H. Johnson for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Prior to the year 1924 Frank Kudella and his wife, Elizabeth Kudella, jointly owned four vacant lots in the town of Poor Fork, in Harlan County. During their joint ownership the wife, Elizabeth Kudella, died intestate, leaving as her heirs and distributees of her property her husband and her children—the latter being the plaintiffs below and appellants here. Some of her children were infants at the time of her death, and for whom her husband was appointed and qualified as their guardian; but before his qualification as such fiduciary, he, as half joint owner of the lots, erected on one of them a brick business house at a cost of something like $7,500, or $8,000. Various furnishers of material for its construction (and perhaps also contractors and laborers) filed liens against all of the lots to secure their indebtedness, which it appears were quite, if not entirely, unpaid. Actions to enforce such liens later resulted, in which plaintiffs asserted their liens against all of the lots, notwithstanding only one of them was occupied by the building referred to.

Appellees, Stephen Kelleman and wife, also claimed

to have filed their action against the same parties in the same court, to enforce an alleged mortgage lien on all of the lots which was given to secure an alleged indebtedness of $3,000 evidenced by two joint notes of the joint owners, Frank Kudella and wife. In the meantime the surviving husband, Frank Kudella—individually, and as guardian for his infant children—filed an action in the same court against them for a division of the lots between him and them, alleging that the property was indivisible in kind, and he prayed for a sale thereof for that purpose. The Court on its own motion made an order consolidating the first actions referred to, with the division one filed by the husband and guardian, and the consolidated causes were then submitted to the court without any evidence to prove any of the material facts properly pleaded in any of the petitions. It then rendered a personal judgment on December 17, 1925—taking the allegations of the various petitions for confessed as against both infant and adult defendants for each asserted claim and also adjudged liens against all of the property to secure them, and entered an order of sale for that purpose, which was later executed by the Master Commissioner who was directed to make it. The appellee, Stephen Kelleman, became the purchaser at the price of $8,600. He later received a deed from the Commissioner who made the sale, and took possession of the property, which he appears to have since held.

On September 5, 1939, this instant action was filed in the same court by the Kudella children (all of whom had arrived at the age of maturity except one, Mary Katherine) against Kelleman and wife, in which they alleged title in themselves as heirs of their deceased mother to a one-half undivided interest in all of the four lots, and they prayed for a division of them as between themselves and Kelleman, the purchaser at the judicial sale. In their petition they referred to the judicial sale supra, and averred, in avoidance of it, that the judgment under which it was made was "void and of no effect" for various reasons, among which were (1) that at that time they were infants and were not served with process in any of the consolidated actions, notwithstanding the judgment recited to the contrary; (2) that no evidence of any character was taken or introduced or in any manner submitted to the court before rendering it; (3) that there was never any action filed by Kelleman and wife to support the judgment rendered in their favor; and (4) that none

of the petitions in any of the actions—other than perhaps the division one filed by the surviving husband against his children—contained sufficient allegations to give the court jurisdiction to order the sale of the property, as against infant owners.

The answer was a denial that the judgment of sale was invalid, and it was affirmatively relied on as a defense. The petition in the instant case was offered to be amended three times by tendered amendments, in which plaintiffs withdrew their prayer for a division of the property, and in lieu sought to recover judgment from defendants for the value of their one-half interest of which they claim they had not been deprived by the sale because of the invalidating reasons stated. In the tendered, but refused, amendments plaintiffs enlarged and alleged in more detail their grounds of their collateral attack of the judgment of sale supra of their mother's one-half interest in the involved property, and further alleged that no debt or alleged debt, for which their mother was adjudged obligated, was ever contracted by her, nor did she ever execute any mortgage or contract any indebtedness to or with the appellees, Kelleman and wife. On the contrary, plaintiffs alleged that the mortgage claimed to have been executed to the Kellemans was never signed or executed by her and that its date was as much as or more than one year after their mother had died, which fact was clearly shown to be true by the testimony adduced. In refusing to permit the tendered amendments to the petition to be filed the court adjudged that the invalidating facts relied on were, at most, only errors correctible only by appeal, and were not sufficient to render the judgment void. Therefore, in its final judgment the court overruled plaintiffs' motion to set aside the attacked judgment of sale supra, and dismissed their petition, to reverse which they prosecute this appeal.

All of the pleadings in all of the consolidated actions in which the judgment of sale referred to was rendered are lost and were, therefore, not accessible upon the hearing of the instant collateral attacking proceeding. But, nevertheless, the court records reveal enough to characterize the judgment of sale entered in 1925 to be exceedingly ragged and to entitle it to be classified in slang terms as being "all right for the fix its in." One of the facts producing that "fix" (clearly proven by the record,

notwithstanding the loss of all of the pleadings) is that the judgment of sale, collaterally attacked by the instant proceedings, was rendered by default against the infants in the consolidated actions (plaintiffs herein) without the hearing of any proof, which itself renders the attacked judgment void, as is held in the case of Wagner v. Peoples Building and Loan Association, Ky., 292 S. W. (2d) . . :, this day rendered, and by other domestic cases therein referred to. That case clearly points out, as is done in others therein cited, that it is essential to prove as against infants and others laboring under disability all material allegations, and that if such proof is not adduced the judgment will be void because the requirement for proof in such cases is a jurisdictional one.

Among other grounds of attack of the judgment of sale are, that plaintiffs' ancestor (mother) did not owe any of the debts to satisfy which her interest in the land was sold, and that the entries of the clerk of the court on the records show that no summons was ever executed on any of the infant defendants in the consolidated actions and that the mother, as was clearly proven, never executed the alleged mortgage to defendants and appellees, Kallemans. It, however, becomes unnecessary to determine any of the other grounds than the one that no proof was heard as a basis for the attacked judgment, which, as pointed out in the Wagner case referred to, is itself all sufficient to render the judgment void.

It was alleged by the defendants and appellees that the lien given by the judgment of sale to the Flenniken Construction Company to secure its debt of $969.37 was for street improvement in front of the involved real property which, if true, was a lien on the property to satisfy which plaintiffs' inherited interest therein could be subjected, but even if that be true, still no testimony was heard to prove any such fact, and, therefore, the judgment as against the infants in that case was likewise void. As we have hereinbefore pointed out, appellants abandoned the prayer of their original petition for a division of the involved property and an allotment to them of one-half thereof, and sought in lieu thereof to recover judgment against the purchaser of the property for the value of their one-half interest as vacant property, with interest from the day on which defendants took possession under their decretal deed, which value they alleged to be $2,100. If that value is correctly stated they should

have judgment for that amount, since they received no part of the proceeds of sale, it being consumed in the payment of the judgments rendered in favor of the creditors in the consolidated actions. But the court did not pass on the issue of value of the involved lots as vacant property, and upon a return of the case it will permit the tendered amended pleadings to be filed, and then determine the value of plaintiffs' inherited interest in the lots as vacant ones and render judgment in their favor against defendants for the amount thereof, with interest from the day possession of the property was taken under the decretal sale.

Wherefore, the judgment appealed from is reversed, with directions to set it aside, and for proceedings consistent with this opinion.