## Ficke v. Prudential Ins. Co. of America et al.

May 6, 1947.

Rehearing denied June 20, 1947.

Rodney G. Bryson, Judge.

John E. Shepard and Bert J. King for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

This action was instituted by the appellant as beneficiary of certain insurance policies issued by The Prudential Insurance Company of America on the life of

her former husband from whom she was divorced in 1937, after having been married many years. All the policies involved were issued after the marriage and before the divorce, and appellant paid all the premiums on the policies. She claims she is entitled to the entire proceeds of the policies as she had an insurable interest in the life of her husband at the time the policies were issued, and, in the alternative, if she is not entitled to the principal amounts of the policies she is entitled to recover the premiums paid by her, with interest from the dates of payments.

After the divorce the husband, George Ficke, married again and his widow, who is administratrix of his estate, is a party to this proceeding, claiming the amount due on the policies, which has been paid into court.

The circuit court dismissed appellant's petition as amended and this appeal presents the question of whether she is entitled to the face amount of the policies, the amount of premiums paid on the policies by her, with interest from the dates of such payments or nothing.

In order to determine this question we must examine several opinions by this court which, broadly stated, are to the effect that a wife's right to the proceeds of insurance on the life of her husband is abrogated by a divorce because of the provisions of section 425 of the Civil Code of Practice and KRS 403.060. We have also said that where it is shown that the divorced wife paid premiums on such policies she is entitled to recover the amount of the premiums paid, together with interest from the dates of such payments. See Schauberger v. Morel's Adm'r., 168 Ky. 368, 182 S. W. 198; Eversole v. Eversole's Adm'x., 169 Ky. 234, 183 S. W. 494; Western & Southern Life Insurance Co. v. Webster, 172 Ky. 444, 189 S. W. 429, L. R. A. 1917B, 375, Ann. Cas. 1917C, 271, and Sea v. Conrad, 155 Ky. 51, 159 S. W. 622, 47 L. R. A., N. S., 1074, Ann. Cas. 1915C, 318. Also see Guthrie v. Guthrie, 155 Ky. 146, 159 S. W. 710; Bradley v. Bradley's Adm'r., 178 Ky. 239, 198 S. W. 905, and Warren v. Spurlock's Adm'r., 292 Ky. 668, 167 S. W. 2d 858.

In the last cited case we were urged to depart from this rule, which is contrary to the general rule, but we refused to do so because of the rule of stare decisis, and

the fact that for thirty years the legislature had accepted our construction of the sections of the code and statutes referred to. However, in that case we were not confronted with the precise question involved here. In the Warren case the premiums were paid by the insured, but here it is admitted by the pleadings that all premiums on all policies were paid by appellant and, as stated, her alternative plea is that she is entitled to recover the premiums paid by her, together with interest. If we follow the decisions referred to above we would be forced to say that the judgment of divorce, by reason of the code and statute, compels the estate of the deceased husband to restore to appellant the money which she paid to keep the insurance policies in force, but, according to the pleadings, a judgment to this effect would permit appellant to recover an amount in excess of the insurance due on one of the policies involved. This is one troublesome result which is created by the rule laid down in the cases cited.

Another problem which has apparently not been recognized by these opinions is what, if anything, should a divorced wife be charged for the protection she received from the insurance carried on her husband's life during their marriage? Thus it will be seen that these and possibly other problems are presented and will continue to be presented if we adhere to our rule that a divorce abrogates the wife's right to the proceeds of insurance on the life of her husband which she has paid for from her own property or earnings. Admittedly our rule is contrary to the general and almost universal rule, and is based wholly on Section 425 of the Civil Code of Practice and KRS 403.060, both of which provide that upon a judgment of divorce there shall be a restoration of all property either party obtained from the other by reason of marriage.

We have concluded that it is advisable to re-examine our opinions in order to determine whether we have been erroneously construing the effect of the cited code and statutory provisions. In doing so we must likewise consider some elementary principles of insurance law which apparently were overlooked in reaching the decisions laying down our former rule with respect to situations such as this.

The general rule is that an insurable interest is necessary to the validity of an insurance contract, whether the subject matter of the policy is property or life, and if no insurable interest exists the contract is void. See 29 Am. Jur., Insurance, Section 318, and the authorities therein cited. The reason for this rule is that the lack of an insurable interest creates what the writers on the subject have called wager policies, which are invalid because where the insured has no interest in the thing insured and can sustain no loss by the happenings insured against, the contract of insurance is void on the grounds of public policy, at least to the extent of preventing a recovery by the person who obtained it as a wager.

Another general rule which must be recognized is that an insurable interest at the inception of a contract of life insurance is regarded by most courts as sufficient, and it is immaterial that such interest ceases prior to the death of the insured. There are some exceptions to this rule, but they are usually based on either a provision in the contract or a statute. It must be kept in mind that the insurable interest is necessary only where the person who procures the insurance and pays the premiums insures the life of another. There is a definite distinction between the questions as to the insurable interest of one taking out a policy on the life of another, and as to the right of one to take out a policy on his own life for the benefit of another. The general rule is that every person has an insurable interest in his own life and may insure it for the benefit of his estate, or, in the absence of a statute, insure it in good faith for the benefit of any person, regardless of whether such person has an insurable interest in his life. See 29 Am. Jur., Insurance, Section 354 and 355. Many authorities might be cited in support of these fundamental principles of insurance law, but they are recognized by all text writers, and many authorities will be found in the footnotes of the Am. Jur. citation.

We have recognized the general rule that cessation of insurable interest does not affect the validity of an insurance contract where the insurable interest existed at the time the policy was issued. Sandlin's Adm'r v. Allen, 262 Ky. 355, 90 S. W. 2d 350. Thus it might well be said that there is a clear distinction between the rights

of a divorced wife who has procured insurance on the life of her husband during their marriage and has paid all the premiums therefor, and her right to the proceeds of a life policy which was procured by her former husband on his own life during the marriage, on which *he* had paid the premiums. However, we do not reach this question, and this decision is limited to the issue presented.

Under the general rule that a life insurance policy originally valid does not cease to be so by reason of the cessation of insurable interest of the beneficiary, the rule prevailing in many jurisdictions is that in the absence of a policy provision to the contrary, or regulation by statute, the rights of the beneficiary to receive the proceeds of the policy are in no way affected by the mere fact that the parties are divorced subsequent to the issuance of the policy. See 29 Am. Jur., Insurance, Section 1309, and Vol. 2, Couch, Cyclopedia of Insurance Law, Section 440h, page 1268.

Since we have refused to follow this rule on several occasions, we must examine our former opinions in order to ascertain the reasons therefor. In Warren v. Spurlock's Adm'r, the exact question was not presented because it is not shown that the divorced wife paid the premiums on the policy involved.

In Schauberger v. Morel's Adm'r, we refused to permit a divorced wife to recover the proceeds of life policies on her former husband, but did permit her to recover the sums paid by her for premiums, with interest thereon from the date of each payment. In that case the amount which was permitted to be recovered was less than the proceeds of the policies, and the court was not confronted with the situation we have here.

In Western & Southern Life Insurance Co. v. Webster, it appeared that the parties were never legally married, and that the marriage was annulled as being void ab initio. The court recognized that while the term wife means a lawful wife, yet a woman has an insurable interest in the life of a man with whom she has been living for years as his wife. It was there claimed that the former wife had paid the premiums on the policies, and following Schauberger v. Morel's Adm'r, and Sea v.

Conrad, we permitted her to recover the premiums paid, with interest.

It is interesting to note that in the Webster case it is recognized that in the cases cited therein (in support of the adjudication that a woman had an insurable interest in the life of the man with whom she was living) the policies were procured by the insured and the premiums paid by him. It is then said "but insurable interest is not dependent upon who pays the premiums but solely upon the relationship the parties bear toward each other." While this statement is of course correct, the court completely overlooks the well settled principle that everyone has an insurable interest in his own life and may, with some exceptions, insure his life for the benefit of whomever he pleases.

In Sea v. Conrad, the husband procured the insurance on his life and paid all the premiums, and the policy was paid up prior to the judgment of divorce. As indicated herein, there may be a real distinction between cases where the husband procures and pays for the insurance and where the insurance is procured and paid for by the wife. It may well be said that the insurance, where the husband paid all premiums, and made his wife beneficiary, was procured by the wife by reason of the marriage, and under the code and statutory provisions, must be restored upon divorce, but we repeat that this question is not presented and therefore not decided by this opinion.

It seems that this court in its former opinions has confused the rights of the parties where the insurance on the husband is paid for by the wife, and where the husband has procured and paid for the insurance himself. It can not be accurately stated that the wife obtained an insurance policy on her husband by reason of her marriage where, as in this case, she procured the policy and paid all premiums thereon. It is true that she obtained an insurable interest in the life of her husband by reason of the marriage, but this is all she obtained in that respect. She did not obtain the insurance contract by reason of the marriage because she paid for the insurance out of her own earnings or property. Clearly there should be a distinction made between policies procured and paid for by the husband, and policies

procured and paid for by the wife. It seems that the court did recognize such distinction in permitting a wife to recover premiums paid by her, but we are impelled to the conclusion that some fundamental principles of insurance law were overlooked, particularly the well settled rule to the effect that if there is an insurable interest at the inception of the contract the cessation of such interest does not invalidate it.

We have given very careful consideration to the problem presented here and have concluded that our previous opinions have been erroneous. We have now determined to follow the general rule and hold that where the wife has procured and paid for insurance on the life of her husband during the marriage, subsequent divorce does not abrogate the contract, and that she is entitled to continue to pay the premiums after the divorce and collect the proceeds of the policy upon its maturity. Cases to the contrary are overruled.

In overruling these opinions we are not confronted with the situation which sometimes obtains because property rights are adversely affected by departure from our previous decisions. Here no vested property rights are affected by a change in our rule. While it is true that both the estate of the deceased and his widow would have benefited to some extent under our previous interpretation of the code and statute, we say unhesitatingly that there is no property right violated because any interest in the proceeds of the policies resulted solely from our previous decisions, and not because of any action taken in reliance on them. We have due regard for the stare decisis doctrine, but feel that when our former decisions are predicated on misconceptions or misapplications of well settled principles of law, and out of line with the majority of other courts, there is no reason for blindly following them when no rule of property has been established which would be overturned with resulting hardship on persons who have relied upon such erroneous decisions.

The judgment is reversed for proceedings not inconsistent herewith.