## KELLY CONTRACTING CO. v. STATE AUTOMOBILE MUT. INS. CO. et al.

Court of Appeals of Kentucky.
May 29, 1951.

Duncan & Duncan, Monticello, Brents Dickinson, Jr., Glasgow, for appellant.

John E. Richardson, Glasgow, Bruce H. Phillips, Monticello, for appellees.

CLAY, Commissioner.

Appellant's road machinery was damaged when one G. D. Drake collided with it while operating an automobile owned by him. After a judgment against him for $3,000, which was unsatisfied, appellant brought this suit against appellee insurance company. The Court below directed a verdict for the latter on the ground it had not insured Mr. Drake, and the terms of the policy could not be changed by virtue of certain transactions with its agent, to be hereafter discussed.

In 1947 appellee issued to Lola B. Drake, the mother of G. D. Drake, a standard automobile liability insurance policy, and this was in effect when Mr. Drake had the automobile accident out of which this suit arose. In the application for that policy, which she admits she read, the statement was made that she was the sole owner of the automobile. This was untrue, and known by her to be untrue. She testified that appellee's soliciting agent who sold her the insurance also knew that fact and had advised her to take out the policy in her name to protect her son who was under 21 years of age. Appellee does not issue this type of insurance policy to those under 21, and the evidence indicates both Mrs. Drake and her son knew it.

As is usual in such policies, it provided that by acceptance the named insured warranted the truth of the representations

made; that the policy was issued in reliance upon the truth of such representations; and that the policy embodied all agreements existing between the insured, the company, or its agents. The policy further provided that notice to any agent shall not effect a waiver of any part of the policy or estop the company from asserting any rights under its terms.

 We think the action of the lower Court in directing a verdict for appellee was justified on three grounds. In the first place, as the trial Judge set forth in an excellent opinion, there was simply no privity of contract between G. D. Drake and appellee. The insured is designated in the policy as Lola B. Drake. An insurance contract is a personal one between the parties thereto. See Am.Jur., Insurance, Section 126; and Oldham's Trustee v. Boston Insurance Company, 189 Ky. 844, 226 S.W. 106, 16 A.L.R. 305. On the face of the policy appellee is under no obligation to G. D. Drake or anyone claiming through him.

In order for G. D. Drake to secure any rights under this contract it should have been reformed in equity. See 29 Am.Jur., Insurance, Section 240; National Union Fire Insurance Company v. Light's Administrator, 163 Ky. 169, 173 S.W. 365; and Glenn v. Hollingsworth, 206 Ky. 392, 267 S.W. 216. It is obviously not proper for a jury to reform a contract, and until it is reformed, if this may be done, appellant had no rights thereunder.

Secondly, if reformation was unnecessary because appellee's agent (who was dead at the time of trial) falsely inserted the name of Lola B. Drake in the policy, it was done with her knowledge and consent. Where the insured person does not act in good faith when the agent commits a fraud on the company, liability may be avoided. See Commonwealth Life Insurance Company v. Spears, 219 Ky. 681, 294 S.W. 138; Prudential Ins. Co. of America v. Lampley, 297 Ky. 495, 180 S.W.2d 399; and Kentucky Cent. Life & Accident Ins. Co. v. Lynn, 304 Ky. 416, 200 S.W.2d 946.

Thirdly, if we were to say that Lola B. Drake took out this policy for the benefit of her son, it is void because she has no insurable interest in the subject matter. See 6 Blashfield, Insurance, Section 3501; 5 Am.Jur., Automobiles, Sections 511, 512; and Ficke v. Prudential Ins. Co. of America, 305 Ky. 172, 202 S.W.2d 429, 175 A.L.R. 1215.

We believe the above three grounds are each sufficient to authorize the verdict directed for appellees.

The judgment is affirmed.