Elizabeth JOHNSON, Appellant,

v.

William C. JOHNSON'S ADMINISTRA-
TRIX (Mrs. Lillian A. Johnson),
Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1956.

As Modified Nov. 16, 1956.

Rehearing Denied Feb. 8, 1957.

Edward T. Ewen, Jr., A. W. Redmon, Louisville, for appellant.

J. Rivers Wright, Arthur Hile, Louisville, for appellee.

MONTGOMERY, Judge.

This is a controversy over the proceeds of a life insurance policy. The action was brought by Elizabeth Johnson, the divorced wife, as the beneficiary, against the Prudential Insurance Company of America to recover $750. The appellee, Lillian A. Johnson, individually and as the administratrix of the estate of William C. Johnson, deceased, was made a party by interpleader. The insurance company paid the disputed money into court and was dismissed. Upon separate motions for summary judgment, appellee was awarded $750, less an award to appellant for premiums paid, plus interest. Appellant moves for an appeal.

The case is before us on a skeleton record containing the pleadings and the findings of fact, conclusions of law, and judgment of the trial court. The affidavits and exhibits filed are not contained in the record.

The findings of fact show that William C. Johnson, Jr., and Elizabeth Johnson

were husband and wife. During the marriage, an insurance policy was issued in which the husband was named as the insured, the wife as beneficiary. The application for the policy was signed by William C. Johnson, Jr., but all the premiums on the policy, including the initial premium, were paid by Elizabeth Johnson from her own funds. On November 9, 1953, the wife was awarded a judgment of divorce in the Jefferson Circuit Court, which contained the following:

> "It is further considered and adjudged by the Court that each party shall restore to the other such property not disposed of at the commencement of this action as either may have obtained directly or indirectly from or through the other during the marriage, in consideration or by reason thereof."

The wife continued to pay the premiums on the policy from the date of the divorce judgment until January 18, 1955, on which date the ex-husband died. The named beneficiary was never changed. Lillian A. Johnson, as the mother and only heir at law of the deceased, qualified as the administratrix of the estate.

The lower court in its conclusions of law considered the rulings in Ficke v. Prudential Ins. Co. of America, 305 Ky. 172, 202 S.W.2d 429, 175 A.L.R. 1215; and National Life & Acc. Ins. Co. v. Walker, Ky., 246 S.W.2d 139. The court concluded that the ex-wife was required to show that she had procured the policy of insurance and had paid all the premiums in order to be entitled to the proceeds of the policy and that parol or extrinsic evidence was not admissible to vary or contradict the contract of insurance or the application therefor. It then concluded that the person who signed the application for insurance was the person who "procured" the policy of insurance.

It is the contention of appellant that she is entitled to recover the entire proceeds of the insurance policy since she was the beneficiary and had paid all of the premiums and that it is immaterial who "procured" the policy in the first instance.

■ This contention is based upon the general rule that when one spouse is named as beneficiary in a policy of insurance on the life of the other, such spouse is entitled to the proceeds of the policy even though the parties are divorced, in the absence of any terms in the policy indicating that the right of the beneficiary to the proceeds thereof is conditioned upon the continuance of the marital relationship or regulation of the matter by statute. 175 A.L.R., Section 3, page 1224; 29 Am.Jur., Insurance, Section 1309, page 997; Couch, Cyclopedia of Insurance Law, Volume 2, Section 440h, page 1268.

■ This rule was adopted in Kentucky in 1947 in Ficke v. Prudential Ins. Co. of America, 305 Ky. 172, 202 S.W.2d 429, 175 A.L.R. 1215, wherein the cases denying a recovery were overruled. For discussion of the Ficke case, see 175 A.L.R., Section 21, page 1244. This holding is also in accord with the fundamental insurance rule that if there is an insurable interest at the inception of the contract, the cessation of such interest does not invalidate it. This Court has recognized this rule under a different fact situation. Cooper's Adm'r v. Lebus' Adm'rs, 262 Ky. 245, 90 S.W.2d 33.

The rule was stated in the Ficke case as follows:

> "* * * where the wife has procured and paid for insurance on the life of her husband during the marriage, subsequent divorce does not abrogate the contract, and that she is entitled to continue to pay the premiums after the divorce and collect the proceeds of the policy upon its maturity. * * *" [305 Ky. 172, 202 S.W.2d 432.]

Insofar as the rule so stated requires the wife to procure the insurance policy in

order to recover, it is erroneous in two respects. The general rule in such cases does not require the wife to procure the insurance. The record in the Ficke case does not justify any such requirement.

In reading the opinion in the Ficke case, the facts stated do not indicate which spouse procured the insurance. From an examination of the record in that case, three policies were involved. The record does not show who applied for or procured two of the policies, but the application for the third policy was signed by the husband, just as in the case at bar. In the petition filed by the divorced spouse in 'the Ficke case, it was not alleged that she had procured any of the three policies. A general demurrer was sustained to the petition as amended, and the appeal was taken on that ruling. The lower court held that no cause of action was stated and based its ruling upon the same authorities now urged by appellees in this case.

■ The question presented in the Ficke case and the question presented in this case are the same. That part of the Ficke opinion which required the wife to procure the insurance policy is obiter dictum. Inasmuch as the judgment of the lower court in this case was based on such obiter dictum, it is in error and is not in accord with the general rule in such cases. In fairness to the lower court, it was justified in relying on the erroneous statement contained in the Ficke case, since the record of that case was not available to it. The error in the Ficke case should not be preserved; hence, it is now corrected. It is unnecessary to decide whether the signing of an application for an insurance policy is the procurement of the policy. Under the facts of the Ficke case, it is immaterial who procured the policy.

The motion for an appeal is sustained and the judgment is reversed with directions to enter a judgment in favor of the appellant for the full amount due under the policy.