**J. S. HENDERSON, Appellant,**

**v.**

**Virginia K. BAKER, Appellee.**

Court of Appeals of Kentucky.

Dec. 7, 1962.

David C. Pottinger and F. Arnold Grever, Jr., Pottinger & Grever, Louisville, for appellant.

David L. Gittleman, Louisville, for appellee.

CULLEN, Commissioner.

In a declaratory judgment action brought by a creditor of T. E. Davis, deceased, against Virginia K. Baker, individually and as administratrix of Davis' estate, judgment was entered adjudging that Mrs. Baker individually was the owner of a certain parcel of real estate and that the creditor was not

entitled to have the real estate restored to the decedent's estate. The creditor has appealed.

Mrs. Baker was for many years married to Davis, but they were divorced in 1959. At the time of the divorce they held as joint tenants with right of survivorship a dwelling house which was mortgaged but in which there was an equity of around $6,000. The divorce judgment contained a standard clause, in accordance with KRS 403.060 and 403.065, adjudging that each party "shall restore to the other such property * * * as either may have obtained directly or indirectly from or through the other during marriage, in consideration or by reason thereof." However the judgment did not specifically identify any item of property to be restored. No alimony was sought or granted. A few days after the divorce the wife married a Mr. Baker.

From the time of the divorce until his death in 1962 Mr. Davis lived in the dwelling house and continued to make the mortgage payments. Some time during this period Mrs. Baker executed a quitclaim deed conveying to Davis her interest in the property but the deed was never delivered. After the death of Davis, Mrs. Baker qualified as administratrix of his estate, but at the same time she asserted individual ownership of the property under the survivorship clause. The creditor then brought this action seeking a judgment declaring that the property belonged to the estate of Davis.

The circuit judge apparently was of the opinion that any right Davis might have had to demand restoration of the real estate, under the statutes and the divorce judgment, was a personal right which after his death a creditor could not demand be exercised by the personal representative for the benefit of his estate. No question of laches or limitation was raised.

■ There is no question but that the parties to a divorce action may themselves obtain restoration in an independent action subsequent to the divorce. Mills v. Epper-son, Ky., 259 S.W.2d 687. We see no basis for holding that this is a personal right that dies with the party.

The proposition that the right to enforce restoration is not strictly a personal right is established by the line of cases cited in Ficke v. Prudential Ins. Co. of America, 305 Ky. 172, 202 S.W.2d 429, 175 A.L.R. 1215, holding that after the death of a divorced husband his personal representative can compel restoration to his estate of the proceeds of an insurance policy on his life in which the divorced wife was named as beneficiary. If the right to compel restoration were a personal one, the failure of the husband to change the beneficiary after the divorce would have been held to bar any right of his personal representative to the proceeds of the policy.

It is true that the Ficke case overruled the prior decisions as they related to situations in which the wife had paid the premiums on the policy, but the court clearly indicated that the former rule would continue to apply where the husband had paid the premiums.

In our opinion the right of Davis to compel restoration did not die with him, and his personal representative was under the duty to assert that right for his estate.

■ The trial court found (and the evidence fully supports the finding) that during the marriage Mrs. Davis (now Baker) had contributed $800 towards the investment in the real estate. She is entitled to a claim against the real estate only for that amount, regardless of any enhancement of the value of the property subsequent to the time of the making of her contribution. Kivett v. Kivett, Ky., 312 S.W.2d 884. The fact that she had some separate earnings during the marriage, some of which she used for general family expenses, and the fact that her domestic services helped the husband to accumulate funds from his earnings to invest in the real estate, do not give her any right in the property. Pearson v.

Pearson, Ky., 350 S.W.2d 141; Johnson v. Johnson, Ky., 255 S.W.2d 610.

The record shows that after the death of Davis, Mrs. Baker personally made several mortgage payments. She is entitled to a lien against the property for the amount of those payments and for the original contribution of $800. Subject to this lien, the property should be restored to Davis' estate.

The judgment is reversed with directions to enter judgment in conformity with this opinion.