Faye Reynolds SALISBURY, etc., Appellant,

v.

Gloria Dean Salisbury VICK et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1963.

As Modified on Denial of Rehearing June 28, 1963.

C. Kilmer Combs, Ashland, W. W. Burchett, Prestonsburg, for appellant.

Hollie Conley, Paul E. Hayes, Prestonsburg, Malcolm Y. Marshall, Richard F. Newell, Odgen, Brown, Robertson & Marshall, Louisville, for appellees.

CLAY, Commissioner.

This controversy involves the right to $20,000 proceeds payable under a life insurance policy. The former wife of the insured claims as the designated beneficiary, and his present widow asserts a claim on behalf of his estate. The trial court found for the former wife.

On September 9, 1957, Orris Salisbury procured a Family Protector Policy with the Commonwealth Life Insurance Company. The principal beneficiary was his "Insured Wife", the appellee. The face amount was $10,000, with a double indemnity provision. The premiums were paid by the husband through July 8, 1958.

On July 5, 1958 appellee was granted an absolute divorce from the insured. He thereafter married appellant, and died as a result of an accident on December 10, 1960.

Under KRS 403.060(2) and 403.065, as construed in Warren v. Spurlock's Adm'r, 292 Ky. 668, 157 S.W.2d 858, and numerous other cases, every right appellee had in this insurance policy as a beneficiary was abrogated by the divorce.

Appellee contends there are several distinguishing features in this case which militate against the application of that rule. It is maintained appellant failed to show appellee's interest as beneficiary was obtained by reason of marriage, but KRS 403.065 creates that presumption and it was not rebutted.

Appellee also contends her right as beneficiary could not be abrogated because the policy did not permit a change of beneficiary, because she had an irrevocable interest, because she had an insurable interest after the divorce, and because the only thing that could have been restored to her husband upon divorce was the cash surrender value of the policy. These contentions do not reach the issue in the case. Assuming appellee had a vested interest in the policy, that is exactly what the law took from her and restored to the husband upon the entry of the judgment of divorce.

There is one other feature of the case which has not heretofore been considered in our decided cases. *After the divorce* appellee paid the premiums on the policy up until the death of her former husband. In effect she argues that this somehow revived her interest as beneficiary. In Ficke v. Prudential Ins. Co. of America, 305 Ky. 171, 202 S.W.2d 429, 175 A.L.R. 1215, we overruled a number of former cases and held that where the wife *procures* an insurance policy and *pays the insurance premiums during the marriage,* divorce does not abrogate the contract and she is entitled to collect the proceeds as beneficiary. This rule is based on the principle that at the time of the divorce the insurance policy was the wife's property, not the husband's. Appellee would have us expand this legal concept to recognize that the wife may, after the divorce, reinstate her lost interest in the policy by the payment of premiums.

We know of no principle of law which would justify such a holding. After the divorce, having been compelled by law to surrender her rights in the insurance contract, the former wife is a complete stranger to it. If she may thereafter buy a new interest in the policy, complex questions of insurable interest and proper division of the proceeds arise. Every case of this sort would require the writing of new law to cover differing facts and equitable considerations. Unless our decisions are anchored to legal principles long established in Kentucky, litigation would be encouraged and confusion compounded.

Appellee lost her interest in this policy when the divorce judgment was entered and that interest was not reinstated by the subsequent payment of premiums. However, she is entitled to recover from the proceeds of the policy all premiums paid by her with six percent interest from the dates the premiums were paid.

The $20,000 proceeds of the policy are payable to the estate of the deceased. The estate is likewise entitled to the fair cash value of a $500 paid up policy on the life of appellee which the insurance company was obligated to issue. (No question is raised in this litigation with respect to another paid up $500 policy which the insurance company has already issued to the insured's child.)

The judgment is reversed with directions to enter a judgment consistent with this opinion.