**Gladys BISSELL (known as Gladys Whitfield), Appellant,**

**v.**

**E. P. GENTRY, Administrator, etc., Appellee.**

Court of Appeals of Kentucky.

May 20, 1966.

Charles M. Gabhart and Manny H. Frockt, Louisville, for appellant.

Alfred W. Minish, Carrollton, for appellee.

FRANK A. ROPKE, Special Commissioner.

On September 14, 1956, Gladys Whitfield Bissell was granted an absolute divorce from George Fitch Bissell by a judgment of the Jefferson Circuit Court.

The judgment provided for restoration, under the provisions of KRS 403.060, by each to the other of property received one from the other and not otherwise disposed of at the commencement of the action. This statute reads as follows:

"Upon final judgment of divorce from the bonds of matrimony, each party shall be restored all the property, not disposed of at the beginning of the action, that he or she obtained from or through the other before or during the marriage, and in consideration of the marriage."

For some time prior to September 14, 1956, George F. Bissell was employed by the Huber Motor Express Company, and he remained in its employ until his death on August 18, 1963, shortly following an automobile accident. During his employment a policy of insurance was issued to him by Republic National Life Insurance Company for which the employer paid. This was a part of so-called "fringe benefits," a part of his contract of employment. This policy was in the sum of $4,500.00 with double indemnity for accidental death. The beneficiary named in the policy was Gladys Bissell, the then wife of George F. Bissell, and the name of the beneficiary was never changed following the divorce of September 14, 1956.

Following the death of George F. Bissell, E. P. Gentry was appointed by the Carroll County Court as Administrator of the estate of George F. Bissell and qualified as such.

Subsequently both the administrator and the ex-wife of the insured, Gladys Whitfield Bissell, now known as Gladys Whitfield, made claim upon the Republic National Insurance Company for payment of the policy. The insurance company paid the proceeds of $9,000.00 into court in this action, naming both claimants as defendants therein, and prayed the court to determine the rights of the parties thereto.

The court, in a well reasoned opinion, set out its findings of fact and conclusions of law, and entered judgment awarding the proceeds of the policy to E. P. Gentry, Administrator of the estate of George F. Bissell, and adjudged costs against Gladys Whitfield.

■ This court has held consistently that the interest of a spouse as beneficiary comes squarely within the restoration provision of KRS 403.060, and as a result, every right of a divorced party as beneficiary of a policy of life insurance on the life of the other is extinguished, except in cases where the policy on the life of one of the parties is obtained during the marriage and the other pays the premiums during the marriage. In such case he or she is entitled to continue payments and receive the proceeds of the policy upon maturity.

For the first situation see Sea v. Conrad, 155 Ky. 51, 165 S.W. 622, 47 L.R.A.,N.S., 1074; Warren v. Spurlock's Adm'r, 292 Ky. 688, 167 S.W.2d 858; Aetna Life Insurance Company v. Simmons' Adm'x, Ky., 277 S.W.2d 13; Henderson v. Bauer, Ky., 362 S.W.2d 730; Salisbury v. Vick, Ky., 368 S.W.2d 317.

The other situation, in which the divorced spouse procured the policy and paid the premiums thereon, is set out in Ficke v. Prudential Ins. Co. of America, 305 Ky. 172, 202 S.W.2d 429, 175 A.L.R. 1215, and Johnson v. Johnson's Adm's, Ky., 297 S.W.2d 753. It is not essential that the named beneficiary (a divorced spouse) procure the policy if he or she paid the premiums.

■ There is a statement that neither Bissell nor his ex-wife paid any of the premiums on the policy in issue. It was a group policy furnished by Bissell's employer as part of the terms of his employment. The employment of Bissell was the only consideration for issuing this policy and paying the premiums necessary to keep it in force. The result is that it is as though Bissell individually procured and paid for the policy.

In Salisbury v. Vick, Ky., 368 S.W.2d 317, this court said, "After the divorce, having been compelled by law to surrender her rights in the insurance contract, the former wife is a complete stranger to it." And, citing Warren v. Spurlock's Admr., 292 Ky. 668, 157 S.W.2d 858: "Under KRS 403.060(2) and 403.065, as construed in Warren v. Spurlock's Adm'r., * * * and numerous other cases, every right appellee had in this insurance policy as a beneficiary was abrogated by the divorce".

The judgment is affirmed.