Shirley Preston DAVIS, Individually,
et al., etc., Appellants,

v.

Gaynell GILLESPIE and Commonwealth
Life Insurance Company, Appellees.

Court of Appeals of Kentucky.

March 15, 1974.

Cassie J. Allen, Harris S. Howard, Prestonsburg, for appellants.

William B. Hazelrigg, Paintsville, William D. Lambert, Ogden, Robertson & Marshall, Louisville, for appellees.

FAUST Y. SIMPSON, Special Commissioner.

This is an appeal from a judgment of the Chancellor of the Johnson Circuit Court granting the proceeds from a life insurance policy and certain furniture to the appellee, Gaynell Gillespie, over the claim of appellant Shirley Preston Davis.

In appellants' brief, the only question presented to the court is whether or not the Chancellor erred in awarding appellee the proceeds of the life insurance policy. We, therefore, consider her to have waived any objection to the Chancellor's judgment ordering her to deliver the furniture designated in the separation agreement to appellee, Gaynell Gillespie, or to pay her $1500.

The appellee Gaynell Gillespie and James Gillespie were married for some sixteen years, which marriage was terminated by divorce August 26, 1963. During the marriage Mr. Gillespie purchased several insurance policies, making his wife, Gaynell Gillespie, the beneficiary; one of them being the $3,000 Commonwealth Life Policy in question.

Shortly after the divorce, Gillespie married the appellant, Shirley. This marriage was rather stormy as they divorced a short time later, but shortly thereafter the divorce was annulled and they were married at the time of Gillespie's death.

The beneficiary on the policy in question was never changed, and the appellee Gaynell testified without objection that after Gillespie's marriage to Shirley, he, Gillespie, brought this policy to her and gave it

to her and told her not to let anyone have it, and that he would never ask for it, and for her to keep it and if anything happened to him for her to collect the proceeds. She further testified she paid all the premiums thereafter, although Shirley disputes this.

While Gillespie was in the hospital in January for a leg amputation, Shirley procured a change of beneficiary form for the policy in question, changing the beneficiary to her. Gillespie was too ill to sign his name and Shirley signed his "X", which was witnessed by two agents of the Commonwealth Life Insurance Company. According to the company regulations, to effect a change of beneficiary, the policy must be sent in with the requested change form. Gaynell stated she received information that the requested change had been sent to the company with a statement that the policy was lost. She then wrote the company that the policy was not lost but was in her possession. The change of beneficiary was never made on the policy. Gillespie died in March, and this litigation followed. The Chancellor found that the attempted change of beneficiary was never effected and entered judgment for the appellee.

■ Appellants' first assigned error was that the Chancellor's decision was based upon the incompetent evidence of conversations of appellee with her deceased husband which is in violation of the Dead Man Statute in Kentucky. This argument would prevail had there been an objection to the evidence at the time of taking, or had she thereafter specified the objections and grounds therefor in writing as required by Rule 43.04(3) of the Rules. There was no objection by the appellant in the entire deposition and no written objections ever filed, consequently, this evidence was considered by the Chancellor and may be considered by this court according to its worth and weight. Preston v. Preston's Admrx., 245 Ky. 552, 53 S.W.2d 957, and Rogers v. Hendrickson, Ky., 293 S.W.2d 456.

Appellant's next contention is that under our decision in Salisbury v. Vick, 368 S.W.2d 317 (Ky.1963), a former wife as beneficiary in a life insurance policy on her husband loses all her rights in the policy upon entry of a divorce judgment, and the interest is not re-instated by the wife's subsequent payment of premiums. Nevertheless, where the wife had paid the premiums on the policy from the inception of the policy as in the case of Johnson v. Johnson, 297 S.W.2d 753 (Ky.1957), we said:

"This contention is based upon the general rule that when one spouse is named beneficiary in a policy of insurance on the life of the other, such spouse is entitled to the proceeds of the policy even though the parties are divorced, in the absence of any terms in the policy indicating that the right of the beneficary to the proceeds thereof is conditioned on the continuance of the marital relationship or regulation of the matter by statute. [This rule was adopted in Kentucky in 1947 in Ficke v. Prudential Insurance Company, 305 Ky. 172, 202 S.W.2d 429, 175 A.L.R. 1215] . . ."

In Vick the Johnson case was not discussed or referred to, but we need not be concerned with any possible conflict between the two cases because we think they are clearly distinguished from the instant case on their facts. If we assume arguendo that the first wife's property interest in the policy terminated by operation of law at the time of the divorce, that is immaterial for the reason hereinafter stated.

■ We think that after the divorce and remarriage of Gillespie, when he took the policy to his first wife, the appellee, and gave it to her and told her to keep it and not let anyone have it, and to collect the proceeds at his death he created a valid gift of this policy to appellee. While we have never decided this precise question the majority rule appears to be that the gift of a life insurance policy is valid, the same as any other chose in action, despite

the absence of a written assignment, provided there is a delivery of the policy by the donor to the donee. See 38 Am.Jur.2d 846, and 33 A.L.R.2d 277–289; Couch on Insurance, Section 63:531 to 63:536.

Nor can it be said that the gift was invalid because the appellant had no insurable interest. We said in Johnson v. Johnson, supra:

"This holding is also in accord with the fundamental insurance rule that if there is an insurable interest at the inception of the contract, the cessation of such interest does not invalidate it."

We are of the opinion the judgment of the Chancellor should be sustained. Counsel on appeal did not try the case.

All concur.