## McNabb v. South Eastern Gas Co. of West Virginia.

(Decided May 14, 1937.)

C. F. SPENCER and WHEELER & WHEELER for appellant.
KIRK & WELLS and W. J. WARD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

William W. Williams and wife, Rose Williams, on August 23, 1916, executed an oil and gas lease on a 50-acre tract of land they owned in Johnson county, Ky., to U. S. Walters—reserving a stipulated royalty for all oil produced and marketed under the lease and an annual royalty of $200 for all gas wells from which gas should be marketed. The lease was to run for 10 years, or so long as oil or gas was produced therefrom in paying quantities. No well of any kind was ever drilled by the lessee under that lease, or any person to whom he may have conveyed it, and it expired and became forfeited on August 23, 1926, since there were no renewal or extension thereof. Before the expiration of the 10-year term of that lease, and on April 11, 1918, Williams and wife conveyed to the appellant and plaintiff below, George McNabb, a one-half undivided right to any and all royalties that might accrue under the U. S. Walters lease. The language of the written conveyance of that interest, so made to McNabb, says: "Has bargained and

sold and by these presents does bargain, sell and convey unto the party of the second part a one-half undivided right to and interest in all royalties owned, had or reserved by parties of the first part, in a certain oil and gas lease dated 23rd of August, 1916, from W. W. Williams and wife, lessors, to U. S. Walters, Jr., as lessee, which lease is recorded in Lease Book No. 4, page 436, in the Johnson County Court Clerk's office.''

Williams and wife thereafter on January 12, 1920, conveyed absolutely in fee-simple title their tract of land to Nathan Jenkins, reserving therein ''one-half the undivided royalties of the land conveyed by George F. Hatfield,'' the latter being the vendor of Williams and wife in a deed executed in 1903. So that, Jenkins became the owner of the leased tract of land subject to the reservation of one-half royalty therein before the expiration of the Walters lease. But, we repeat, no development was made under it up to the time of the expiration. After that, and on August —, 1929, Jenkins executed a similar lease to the appellee and defendant below, South Eastern Gas Company, and it began development under its lease and produced a paying gas well or wells, paying the royalties thereunder one-half to Jenkins and one-half to Williams.

On September 22, 1931, McNabb filed this ordinary action against the corporate defendant in the court of a justice of the peace for Johnson county seeking to recover half of one year's rental ($100) for the gas well that had been developed by the defendant, lessee, under the Jenkins lease. The answer set up the facts we have recited and brought Williams and wife and their vendee, Jenkins, into the case, and sought to have its title to the lease quieted and prior payments of royalties as made justified and upheld. Thereupon the cause was by consent—or at any rate without objection—transferred to the Johnson circuit court in which plaintiff amended his petition and sought to recover for additional years, amounting in the aggregate to $500. He denied the defense interposed because he insisted (1) that the sale to him of a one-half interest in the royalties under the Walters lease was an absolute conveyance to him of that much interest in such minerals in place and that his interest therein was not limited or confined to what royalties that would be produced under the Walters lease. If mistaken in his interpretation of that lease he then al-

leged **(2)** that it failed to express the true contract between the parties (Williams and wife as parties of the first part and himself as second party), and which failure was due to fraud, oversight or mutual mistake, and he asked a reformation of the lease to conform to his interpretation thereof. Following pleadings made the issues, some of which were filed by the cross-defendants who made the same defenses as did the corporate defendant in its original answer. The court, after evidence taken and submission of the cause, sustained the defense made by the corporate defendant and the cross-defendants and dismissed plaintiff's petition, to reverse which he prosecutes this appeal. We will dispose of appellant's two contentions in the order named.

We fully indorse the expression of counsel for appellees, when discussing in brief contention (1), wherein they say: "The contention raised here seems hardly arguable at all." That statement was and is evidently inspired by the plain distinct and unambiguous language of the written conveyance made by Williams and wife to plaintiff of the royalties thereby conveyed, as hereinbefore inserted. It plainly says that the interest in the royalties thereby conveyed and transferred were those "owned, had or reserved by parties of the first part (Williams and wife) in a certain oil and gas lease dated 23rd of August, 1916, from W. W. Williams and wife, lessors, to U. S. Walters, Jr., as lessee." The language is too plain for argument. It specifically confines the transferred interest to only such royalties as might be produced under that lease. · Consequently, when that lease expired by its own terms, the conveyed interest to plaintiff under it likewise terminated, since the interest that he so obtained was grafted in and issued only from that expired lease.

The same question was, in effect, so determined in the case of Gillispie v. Blanton, 214 Ky. 49, 282 S. W. 1061, 1064. The conveyance of the royalty interest in that case was "the whole one-eighth part of all the oil and gas in and underlying and produced from the following described piece or parcel of land." However, it was conveyed subject to existing leases thereon, but only while such subsisting leases existed. We held that only royalties, as such, were thereby conveyed as issued from existing leases on the land at the time of that sale; but

that under the entire phraseology of the conveyance, the same proportionate part of the minerals mentioned (one-eighth) was also conveyed to the grantee and that he should be required to defray his part of the expense in producing such minerals from leases thereafter executed following the expiration of present existing leases. In other words, we determined in that case that a conveyance of royalties issuing out of existing leases terminated when such leases expired. However, the same conclusion would necessarily and imperatively follow without the benefit of the Gillispie Case as a precedent. It is, therefore, clear that contention (1) supra, made by plaintiff, is without merit.

2. In the same Gillispie Case, wherein the same reformatory relief of the lease contract was invoked, we quoted the rule measuring the character of proof necessary therefor from the case of Royer Wheel Co. v. Miller, 50 S. W. 62, 20 Ky. Law Rep. 1831, in which we said: "Indeed in no case will a court decree an alteration in the terms of a duly-executed written contract unless the proofs are full, clear, and decisive. Mere preponderance of evidence is not enough; the mistake (or other ground) must appear beyond reasonable controversy." The Gillispie opinion cites, in substantiation thereof, the cases of Coleman v. Illinois Life Insurance Co., 82 S. W. 616, 26 Ky. Law Rep. 900; Glenn v. Hollingsworth, 206 Ky. 392, 267 S. W. 216; Griffith v. York, 152 Ky. 14, 153 S. W. 31; Cook v. Day, 168 Ky. 282, 181 S. W. 1113; Dotson v. Hunt, 207 Ky. 832, 270 S. W. 38, and Daniel Boone Coal Company v. Crawford, 203 Ky. 666, 262 S. W. 1097. Many other like utterances by this court have been made since the Gillispie opinion, one of the latest of which is Hunt v. Stacey, 266 Ky. 9, 98 S. W. (2d) 15. The rule as so stated is without exception anywhere in any court. The evidence heard in this case falls far short of reaching the requirement of that rule. It scarcely approaches toward it, being only a mere gesture in that direction—so much so as not to require us to set it out, or even to give its substance, as relating to that issue. Williams and his wife in testifying upon it showed that they were ignorant, but, no doubt, honest people, and the substance of their testimony is a flat denial that the contract by which they sold plaintiff the interest he contends for was any other than a one-half interest of royalties issuing from the Walters lease;

while plaintiff contented himself with only making the broad statement that he purchased an absolute one-half interest of the royalties from such minerals underlying the lease premises. He makes no explanation as to how, if true, any mistake in the wording of that instrument occurred, and appears to base his broad statement solely upon his interpretation of the language contained in the written transfer to him. A detailed analysis of the testimony heard at the trial on that issue would confirm, beyond possibility of a doubt, the conclusions we have expressed as to its insufficiency to measure up to the required rule for obtaining reformatory relief.

Subsection 2 of rule III of this court requires transcripts or records sent here to be made on a described character of paper, and to follow other directions therein pointed out. The entire record of this case is upon tissue paper so thin that the lines of the immediately underlying page may be read through any sheet thereof and thereby commingled with what may be written on the top sheet. It is clearly in violation of that rule, which we forcibly condemned in the cases of Taylor Coal Co. v. Miller, 168 Ky. 719, 182 S. W. 920, and Meek v. Commonwealth, 214 Ky. 572, 283 S. W. 1032. In the latter case we deducted from the clerk's fee in so preparing the record $20 as a penalty for failure to observe the rule referred to. For the same reason the clerk of the Johnson circuit court who prepared this record will be penalized by a reduction of $15 from his fee in making same, which deducted amount will not be taxed as costs as against any litigant in the cause.

Wherefore, for the reasons stated, the judgment is affirmed.