WHEELER v. KEETON et al.

Court of Appeals of Kentucky.

Nov. 20, 1953.

Gardner & Rose, John A. Keck, Nickell & Walter, West Liberty, for appellants.

H. R. Wilhoit, Grayson, for appellee.

WADDILL, Commissioner.

On January 18, 1950, appellees, Mr. and Mrs. Arthur Keeton, entered into a contract with the appellant, Roe Wheeler, for the sale of a tract of land. This contract was evidenced by a writing signed by the appellees, which reads as follows:

"We, party of the first part Mr. & Mrs. Arthur Keeton have sold a tract of land on Laurel Fork, Morgan County to party of the second part, Roe Wheeler, for $900.00 and will make deed this month."

The appellees subsequently refused to execute the deed unless the coal and coal rights were excepted therefrom. The appellant refused to accept the deed with this reservation. Appellant petitioned the court of equity to order the contract specifically performed and prayed that the appellees be required to convey all their right, title and interest, including coal and coal rights, to the appellant. The appellees, by answer and counterclaim, plead that the written memorandum did not express the true agreement between the parties and prayed that the contract be reformed so that the coal and coal rights be, excepted from the sale. The Chancellor entered a judgment reforming the contract in ac-

cordance with the appellees' prayer. The sole question on this appeal is whether the Chancellor erred in reforming the contract.

 A court of equity will reform a written instrument where it is shown by clear and convincing proof that the writing does not contain the actual agreement between the parties because of a mutual mistake or a mistake on the part of one party and fraud on the part of the other. Maupin v. Sumpter, 308 Ky. 713, 215 S.W. 2d 832. Appellant insists that a mistake in the written contract in the instant case is not shown by "clear and convincing proof."

The land involved in this suit is comprised of about 175 acres containing timber, coal, .9 of an acre tobacco base and a small amount of tillable soil. The uncontradicted testimony discloses that this land, with mineral rights included, was worth approximately $4,000. About two months prior to the time the appellees contracted to sell the land, appellees executed a five-year lease of all coal rights to a concern called Ruth Brothers. Under the terms of this lease the appellees received about $700, and are to receive a royalty of 10¢ per ton on all coal mined.

Each of the appellees testified that in their negotiations for the sale it was specifically agreed that the coal and coal rights were to be excepted from the sale. Appellant testified that he told the appellees that he was only interested in buying the land because he wanted the tobacco base, but that by the terms of their agreement the only property rights excepted from the sale were the royalties under the coal lease and the oil and gas rights.

Before contacting the appellees to negotiate for the sale of the land the appellant visited the tenant on the land to inquire whether it was for sale. The tenant, his wife and his son each testified that they told the appellant that the surface rights to the land and the timber thereon were for sale and had been offered to them for $800. They stated that the appellant said the surface rights and timber were sufficient, inasmuch as he only desired to obtain the tobacco base.

 This evidence is sufficiently clear and convincing to show with reasonable certainty that the actual agreement between the parties was that the coal and coal rights were excluded from the sale. Appellant's own testimony reveals that the written memorandum did not embody the actual agreement between the parties, for he admits that the royalties, oil and gas rights were to be excepted.

We think the Chancellor correctly decided the case. Therefore, the judgment is affirmed.