The CAMPBELLSVILLE LUMBER COMPANY, Appellant,

v.

Elmer WINFREY, Individually, etc., et al., Appellees.

Court of Appeals of Kentucky.

June 14, 1957.

John S. Cary, Burkesville, Ky., J. Paul Carter, Tompkinsville, Ky., for appellant.

Hurt & Hutchison, Columbia, Ky., Harlan E. Judd, Burkesville, Ky., for appellee.

CLAY, Commissioner.

The appellant plaintiff brought this suit to recover $7,000 from appellee defendants, representing the value of timber land sold to plaintiff which defendants did not own. The jury rendered a verdict for defendants, and on this appeal plaintiff's principal contention is that it was entitled to a directed verdict.

From the pleadings and the proof it appears the single and controlling issue in this controversy was rather haphazardly developed. That issue is whether or not the contract between the parties should be reformed on the ground of mutual mistake. This, of course, is a matter of equitable cognizance, and should have been presented to the trial court as such. See Hyden v. Grissom, 306 Ky. 261, 206 S.W.2d 960. We may, however, decide the question on plaintiff's motion for a directed verdict.

By written contract the defendants sold to the plaintiff a boundary of timber land "containing 800 acres more or less". The land was described by reference to the abutting owners on all four sides.

After plaintiff had begun cutting timber it discovered that 150 acres within the described boundary were owned by third parties named Cole and Allen. To obtain this timber plaintiff purchased it from the owners for $7,000, and that is the basis of the claim. It is agreed that the description in the contract included the 150 acres owned by Cole and Allen. By answer defendants alleged that this land was to be excepted, and by "omission and mistake" was included in the contract of sale.

The timber was sold at public auction, plaintiff making the high bid of $30,500. Defendants undertook to prove that prior to the sale their representative had pointed out to plaintiff's representative the land owned by Cole and Allen which was not to be included in the sale. They also introduced proof that other representatives of theirs had pointed out to other bidders this Cole and Allen land. The auctioneer testified he had stated at the sale "that Cole and Allen had a tract of timber in there."

Plaintiff's officers and agents all testified that no one had advised them that defendants did not own all of the land included within the described boundary. They also introduced testimony of three other prospective buyers who stated that defendants' representative had not pointed out to them any timber within the boundary not owned by defendants. No other witnesses corroborated the statement of the auctioneer that he had announced at the sale anything about the Cole and Allen land.

Plaintiff first argues that none of defendants' evidence was admissible because it had the effect of varying the terms

of a written contract. Ordinarily it would be inadmissible on that ground. However, as before pointed out, the issue in this case was mutual mistake. Parol evidence is admissible on this issue even though it changes the terms of a writing. Ingram v. Ingram, Ky., 283 S.W.2d 210. That is the whole purpose of such proof.

■ This requires us to examine the nature of proof required to vary the terms of a writing on the ground of mistake. In the first place, it must show the mistake to be mutual, not unilateral. Standard Auto Insurance Association v. West, 203 Ky. 335, 262 S.W. 296, 297; Haynes v. Froehlick, Ky., 273 S.W.2d 379. The mutual mistake must be proven beyond a reasonable controversy by *clear and convincing evidence.* Edgewater Coal Co. v. Swinney, 251 Ky. 531, 65 S.W.2d 674; McNabb v. South Eastern Gas Co. of West Virginia, 268 Ky. 532, 105 S.W.2d 622. In addition, it must be shown that the parties had actually agreed upon terms different from those expressed in the written instrument. Wheeler v. Keeton, Ky., 262 S.W.2d 465; Huffman v. Payne, Ky., 300 S.W.2d 785.

■ Taking up the last proposition first, there is no substantial evidence that plaintiff had agreed to a contract different from the one executed by the parties. As a matter of fact, they could not have so agreed because the Cole and Allen land was not, prior to the sale, identified with any particularity, either by metes and bounds or by acreage. Even assuming, which plaintiff vigorously denies, that defendants' representatives had referred to some foreign timber within the boundary, such references, according to defendants' own witnesses, were so vague as not to form the basis for a parol agreement with respect thereto. Surely the subject matter of the mistake must be clearly identified in order that a court may declare the agreement to be different from that expressed in the written instrument.

Assuming, however, that defendants had shown the basis for a claim of mutual mistake, the extraordinary relief of reformation will be granted only upon clear and convincing evidence. See, in addition to cases heretofore cited, Reiss v. Wintersmith, 241 Ky. 470, 44 S.W.2d 609.

A substantial portion of the evidence introduced by the defendants was incompetent because it related to conversations between defendants' representatives and third persons who had no relationship with the plaintiff. If an alleged agreement with these third parties respecting the Cole and Allen land had been reached, such an agreement would be in no way binding on the plaintiff. (As a matter of fact, the bids of these other parties indicated that they had a *different* agreement with the defendants.) Even accepting this evidence as competent and true, it sheds faint light on the issue of whether or not the plaintiff and the defendants, between themselves, made a mutual mistake.

The other evidence for the defendants indicated plaintiff may have known the defendants intended to except the Cole and Allen timber. As opposed to this, there was very positive evidence that plaintiff had no such knowledge. We will not go into the credibility of the witnesses, but considering the character of the evidence introduced in the case, the sharp conflict in testimony, and the nature of the alleged mistake, we are far from being convinced that the parties mutually agreed on terms so materially different from those set forth in the contract. It would destroy the sanctity of writings if their terms could be changed by the parol proof we find in this record. See Carey-Reed Co. v. City of Marion, 231 Ky. 117, 21 S.W.2d 145.

We have a legal, or equitable, question as to whether or not defendants' evidence was sufficient to authorize a reformation of this contract. Having determined that it was not, there was no issue to submit to the jury, and the court should have entered judgment for the plaintiff.

The judgment is reversed with directions to enter judgment for the plaintiff.