ACCEPTED
01-13-00944-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/23/2015 1:31:13 PM
CHRISTOPHER PRINE
CLERK

**CAUSE NO. 01-13-00944-CR**
**CAUSE NO. 01-13-00945-CR**

IN THE FIRST COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/23/2015 1:31:13 PM
CHRISTOPHER A. PRINE
Clerk

GABRIEL PALACIOS, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 338th Criminal District Court
of Harris County, Texas, Cause Nos. 1360054, 1360055
Honorable Brock Thomas, Judge Presiding

BRIEF FOR APPELLANT, GABRIEL PALACIOS,

AN ANALYSIS OF THE APPELLATE RECORD IN ACCORDANCE WITH

*ANDERS V. CALIFORNIA*, 386 U.S.738 (1967).

Deborah Summers
11210 Steeplecrest, Ste 120
Houston, Texas 77065
State Bar No. 19505600
(281) 897-9600
(832) 788-7525
summerspc@sbcglobal.net

Counsel for Appellant

ORAL ARGUMENT WAIVED

IN THE FIRST COURT OF APPEALS

GABRIEL PALACIOS, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 338th Criminal District Court

of Harris County, Texas, Cause Nos. 1360054, 1360055

Honorable Brock Thomas, Judge Presiding

## CERTIFICATE OF COUNSEL

The undersigned counsel states that she has diligently reviewed the entire appellate record in this case and certifies to this Court that in compliance with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 515 S.W.2d 684 (Tex. Crim. App. 1974); and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969) that this appeal is without merit. A review of the record reflects no reversible error and no grounds on which an appeal can be predicated. Counsel for

Appellant has filed a motion to withdraw from representation. See appellate exhibit "A".

The undersigned has served a copy of this analysis on Appellant. Counsel has further informed Appellant by letter that it is this attorney's opinion that the appeal is wholly without merit and that he has the right to view the appellate record and to file *pro se* an appellate brief should he so desire. Appellant has been informed that he has the right to request that the Court make the record available to him and to grant him an extension of time for the filing of a *pro se* brief. See appellate exhibit "B". Further, Counsel has provided Appellant with a Motion to request the record and for an extension of time. See appellate exhibit "C".

/s/ Deborah Summers
Deborah Summers
State Bar No. 19505600
11210 Steeplecrest, Suite 120
Houston, Texas 77065
(281) 897-9600
summerspc@sbcglobal.net

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the following are parties or counsel to the judgment appealed from:

| | |
|---|---|
| Presiding Judge: | The Honorable Brock Thomas<br>338th Criminal District Court<br>1201 Franklin<br>Houston, Texas 77002 |
| Appellant: | Gabriel Palacios<br>TDCJ # 1894350<br>295 IH-45 North<br>Huntsville, Texas 77320-8443 |
| Attorneys for State: | Ms. Ana Benevides (trial)<br>Mr. John Jordan<br>District Attorney's Office<br>1201 Franklin<br>Houston, Texas 77002<br><br>Mr. Alan Curry(on appeal)<br>District Attorney's Office<br>1201 Franklin<br>Houston, Texas 77002 |
| Attorneys for Appellant: | Mr. Troy Bollinger (at trial)<br>600 Ash Street<br>Plainview, Texas 79072<br><br>Ms. Deborah Summers (on appeal)<br>11210 Steeplecrest, Suite 120<br>Houston, Texas 77065 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ix

STATEMENT REGARDING REFERENCES TO THE RECORD . . . .   xi

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   xi

### THIS APPEAL PRESENTS NO ISSUES FOR REVIEW WITH MERIT.
*Anders v. California*, 386 U.S. 738 (1967)

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

     A.  Indictments. . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . .   4

     B. Voir Dire . . . . . . .. . . . . .. . . . . . . . . . . . . . . . . . . . . . . .   4

     C. Pretrial Motions/Objections to Evidence. . . . . . . . . . . . . . .   5

     D. Motions for Mistrial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

     E. Trial Guilt/Innocence . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

     F. Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

PRAYER FOR RELIEF AND CERTIFICATE OF SERVICE . . . . . . . . . .   21

CERTIFICATE OF COMPLIANCE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

MOTION TO WITHDRAW - APPELLATE EXHIBIT A . . . . . . . . . . . . . . .   A-1

LETTER TO CLIENT - APPELLATE EXHIBIT B . . . . . . . . . . . . . . . . . . . .   B-1

MOTION TO REVIEW RECORD AND EXTENSION OF TIME . . . . . . . .   C-1

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

*Alcorta v. Texas*, 355 U.S. 28  (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i,x,21

*Brady v. Maryland,* 373 U.S. 83  (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

*Benjamin v. State*, 874 S.W.2d 132
(Tex. App.-Hous.[14th Dist.] 1994 no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

*Benson v. State*, 661 S.W.2d 708
(Tex. Crim. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16,18

*Brooks v. State*, 323 S.W.3d 893
(Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15,16

*Calcote v. State,* 931 S.W.2d 668
(Tex.App.-Hous.[1st Dist.] 1996, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

*Cano v. State*, 3 S.W.3d 99
(Tex. App.-Corpus Christi 1999, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*Cardenas v. State*, 325 S.W.3d 179
(Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

*Carmona v. State*, 941 S.W.2d 949
(Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*Crawford v. Washington*, 541 U.S. 36 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

*Currie v. State*, 515 S.W.2d 684
(Tex. Crim. App. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

CASES                                                                    PAGE

*Duggan v. State*, 778 S.W.2d 465
(Tex. Crim. App. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Gainous v. State*, 436 S.W.2d 137
(Tex. Crim. App. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

*Henry v. State,* 738 S.W.3d 332
(Tex.App.-Hous.[1st Dist.] 1987, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . .   11

*High v. State*, 573 S.W.2d 807
(Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

*Jackson v. Virginia*, 43 U.S. 307 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Jackson v. State,* 17 S.W.3d 664
(Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Lockhart v. State*, 847 S.W.2d 568
 (Tex.Crim.App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Moses v. State*, 105 S.W.2d 622
(Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*Ocon v. State*, 284 S.W.3d 880
(Tex. Crim. App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10,11,13

*Perez v. State*, No. 14-11-01102-CR, WL 644715
(Tex. App.-Houston [14th  Dist.] Feb. 21, 2013, no pet.) . . . . . . . . . . . . . . . . . . 8-9

*Ponce v. State*, 299 S.W.3d 167
(Tex.App.-Eastland, 2009 no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

*Robinett v. State*, 383 S.W.3d 758
(Tex.App.-Amarillo 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

CASES                                                        PAGE

*Rodriguez v. State,* 799 S.W.2d 301
(Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Roper v. State*, 917 S.W.2d 128
(Tex.App.-Fort Worth 1996, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . .  15

*Schumacher v. State*, 72 S.W.3d 43
(Tex.App.-Texarkana 2001, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . .  12

*Stein v. State*, 492 S.W.2d 548
(Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Stafford v. State,* 813 S.W.2d 503
(Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

*Villalon v. State*, 791 S.W.2d 130
(Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Wesbrook v. State*, 29 S.W.3d 103
(Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16


CONSTITUTIONS                                                PAGE

U.S. CONST. amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

U.S. Const. amend. VIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

Tex. Const. art. I, § 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

STATUTES                                                     PAGE

Tex. Crim. Proc. Code Ann. § 1.14(b)
(Vernon Supp. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Tex. Crim. Proc. Code Ann. § 37.07, sec 3
(Vernon Supp. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

STATUTES                                                                    PAGE

Tex. Crim. Proc. Code Ann. § 38.072
(Vernon Supp. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          7

Tex. Penal Code Ann. §§ 3.01, 3.02
(Vernon Supp. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        ix,17

Tex. Penal Code Ann. §§ 12.32, 12.33
(Vernon Supp. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .       ix,18,19

Tex. Penal Code Ann. § § 21.11, 22.041
(Vernon Supp. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .       ix,4,20




RULES                                                                       PAGE

Tex. R. App. Proc. 9.4(e)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          22

Tex. R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .            7

Tex. R. App. P. 38.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .             iii

Tex. R. Evid. 412      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .            6,7

Tex. R. Evid. 613 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .            9

Tex. R. Evid. 803(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .           8

Tex. R. Evid. 901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          9

Tex. R. Evid. 902(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .            8

## STATEMENT OF THE CASE

The Appellant was charged by indictment with the offense of Aggravated Sexual Assault of a Child under the age of 14, a first degree felony (CR2 at 15). Tex. Penal Code Ann. § 22.021(a)(B)(ii) (Vernon Supp. 2013). He was also charged, by separate indictment, of Indecency with a Child, a second degree felony. Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2013). The cases were consolidated for trial. Tex. Penal Code Ann. §§ 3.01, 3.02 (Vernon Supp. 2013).

A jury was impaneled on October 18, 2013 (RR2 at 201). The Appellant was convicted, of both cases, by the jury on October 23, 2013 (RR5 at 59-60).

The Appellant elected to have the jury assess punishment in the event of a guilty verdict (CR1 at 109, CR2 at 109). However, after a fairly quick jury verdict, the Appellant requested that the trial court assess punishment (CR1 at 137; RR5 at 62-63). This change was approved by the trial court and the State (id.).

The Appellant faced a range of punishment of 5 -99/life and a 10,000 fine on the Aggravated Sexual Assault of a Child in the Texas Department of Criminal Justice Institutional Division (TDCJ); and, a range of 2 -20 years TDCJ and a 10,000 dollar fine on the Indecency with a Child case . Tex. Penal Code Ann. § 12.32, 12.33 (Vernon Supp. 2013).

No additional punishment evidence was introduced (RR5 at 73). After, hearing the arguments of counsel, the trial court sentenced the Appellant to 25 years in TDCJ

on the Aggravated Sexual Assault of a Child and 10 years TDCJ on the Indecency with

a Child case (RR5 at 77-78).

Appellant filed a timely, written Notice of Appeal on each case on October 23,

2014 (CR1 at 129; CR2 at 129).

## STATEMENT REGARDING REFERENCES TO THE RECORD

The clerk's record in this case consists of one volume for each case and will be cited as "CR1" for trial case number 1360054 and "CR2" for trial case number 1360055. The reporter's record for the trial consists of six volumes and will cited as "RR1, RR2 etc...". Exhibits will be cited as "State's Exhibit 1, 2 etc..."

## ISSUE PRESENTED

This appeal presents no issues with merit for review. In accordance with *Anders v. California*, 386 U.S. 738 (1967), a review of the appellate record follows.

**STATEMENT OF FACTS**

The Complainant, made outcry of sexual abuse to Avis Smith and Lisa Holcomb (RR3 at 69-70; 179-182). The Complainant was age 13 at the time of trial (RR3 at 104). While the Complainant refused to answer questions detailing the abuse, she did testify that what she told the outcry witnesses was true (RR3 at 147-148).

On June 27, 2012, Avis Smith was a school counselor who received a call regarding a student (the Complainant) who was stating she was 'raped' (RR3 at 67). Ms. Smith went to the middle school and met with the Complainant who appeared to have been crying (RR3 at 68). The Complainant told her that her stepfather, Gabriel Palacios, would touch her on her vagina (RR3 at 69-71). And, that he would put his fingers in her vagina (id.).

Lisa Holcomb, a forensic interviewer for the Children's Assessment Center, testified that the Complainant told her that the Appellant would place his penis in her mouth (RR3 at 173-177; 182, 184, ). The Complainant told Ms. Holcomb that he would place his penis in her mouth and she would choke but that he would hold her hair to bring her head to him (RR3 at 182).

The Complainant told a medical doctor that the Appellant put her mouth on his lower half and a "white thing" would come out (State's Exhibit 1).

The Complainant refused to name the body parts or to testify that the

1

Appellant touched her private parts (RR3 at 154-155).   The Complainant admitted that she told her uncle that she 'lied' about the allegations but she also admitted that she felt pressure to recant and that she was being punished for telling the truth (RR3 at 127;  152; 160-161; 166-167).

Outside the presence of the jury, the Complainant was admonished that she had to answer the questions which were asked and that she had to answer truthfully (RR3 at 145).  The Complainant testified that what she told the counselor and the 'interview lady' was the truth (RR3 at 148).  She also testified that she had forgiven the Appellant for being a bad person but she refused to say what he did that made him bad (RR3 at 150).

David Pali, a felony warrant server with HPD, testified he served the warrants for these cases on the Appellant (RR4 at 41-43).  He testified that the Appellant's wife met him at the door and led him to believe the Appellant was not there when in fact the Appellant was located hiding in a closet (RR4 at 44, 49-50).

Corina Yanez, the Complainant's mother, testified that the Complainant never told her that she 'had made the story up' (RR4 at 118). But that after the Complainant had stayed with her Aunt Jovita, and Jovita talked to her about what the Complainant was saying about the allegations, she switched from being supportive of the Complainant to being supportive of the Appellant (RR4 at 114; 118-121; 127).

Carol Yanez, the Complainant's grandmother, testified that the Complainant

told her that she lied about the Appellant because, " I lie because I hate him" (RR4 at 156-157).

Jovita Jackson, the Complainant's aunt, testified that the Complainant admitted to her that she lied about the allegations (RR4 at 178). The Complainant told her that 'it wasn't suppose to go this far' and "I want things to go back to the way it was before" (RR4 at 180).

The Complainant was recalled and testified that she "wasn't 100 per cent sure that it was Gabriel" that it could be other men in the household who abused her (RR4 at 187-189). She also testified that no one was forcing her to say one thing or another (RR4 at 188). But, she agreed that the sexual abuse had occurred and she was upset that people thought she was lying (RR4 at 197). She denied that she had recanted to her grandmother or her Aunt Jovita (RR4 at 202).

The State called the Complainant's counselor, Julie Owens as a rebuttal witness (RR4 at 209). Ms. Owens testified that she met with the Complainant 19 times individually and additional times with her mother (RR4 at 211-212). The Complainant told Ms. Owens that she was sexually abused by the Appellant (RR4 at 212-213).

## ANALYSIS OF THE APPELLATE RECORD

### A. The Indictments

The appellate record reflects that the Appellant was indicted for Indecency with a Child and Aggravated Sexual Assault of a Child younger than fourteen years of age (CR1 at 15; CR2 at 15 ).   The indictments do  comply with all the requirements of charging the above offenses per Tex. Penal Code Ann. §§ 21.11(a)(1); 22.021 (a)(B)(ii)[1] (Vernon Supp. 2013).

No motion to quash the indictment was filed or requested.  Any claim of a defect or want of sufficient notice has been waived by the failure to file a motion to quash the indictment.   *Rodriguez v. State*, 799 S.W.2d 301 (Tex. Crim. App. 1990); Tex. Crim. Proc. Code Ann.§ 1.14(b) (Vernon Supp. 2013).

### B.  Voir Dire

Prior the *voir dire* beginning, trial counsel for the Appellant, objected to several power point slides the prosecutor was going to use during the voir dire of the panel (RR2 at 80-81).  After argument and discussion, the trial court sustained the objection to two slides and granted another in part (RR2 at 80-85).  After the prosecutor changed the slides in the power point the trial attorney had no further objections

---

[1]Hereafter sections Tex Penal Code §§ 22.11 and  22.021 .

4

(RR2 at 85). The *voir dire* examination was recorded and trial counsel conducted a thorough *voir dire* (RR2 at 189-197).

When the trial attorney was attempting to determine if the venire members could consider the entire range of punishment on both cases, his question was objected to by the prosecutor (RR2 at 153). After a discussion with the trial court and after presenting, to the trial court with *Cardenas v. State*, 325 S.W.3d 179 (Tex.Crim.App. 2010); trial counsel was allowed to commit the venire members to the full range of punishment (RR2 at 155).

Thereafter, several veniremembers were excused by agreement (RR2 at 189-197). Thereafter, no objection was made to the jury as seated (RR2 at 197).

## C. **Pre-trial Motions/Objections to Evidence**

Several pre-trial motions were filed by Appellant (CR1 at 72, 77, 83, 88, 106, 109, 111; CR2 at 19, 26, 66, 72, 77, 83, 88, 106, 109, 111). Including two motions for trial counsel to withdraw (CR1 at 19, 66; CR2 at 19, 66). These motions to withdraw were not addressed on the record.

The other motions were not signed but were granted or denied in discussions with the trial court before the trial began. The contested Motions included Motions in Limine dealing with the introduction or exclusion of evidence (RR3 at 52-59).

Other objections concerned the sequestering of the Complainant ; the introduction of the medical records of the Complainant; and, the introduction of

5

recorded statements by the Complainant (RR3 at 52; RR4 at 55; RR4 at 168-171; State's Exhibit 1 and Defense Exhibits 1 and 2).

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Moses v. State*, 105 S.W.2d 622, 627 (Tex.Crim.App. 2003). If the ruling is within the zone of reasonable disagreement, the appellate courts will not disturb the trial court's ruling. *Id.* When a trial court admits evidence over objection, that decision will also be given deference. *Id.*

## 1. Pretrial Motions

### a. Defense Motion in Limine: Opinion Testimony

This motion was granted by the trial court (RR3 at 54).

### b. State Motion in Limine: various items

The State only addressed one issue in this multifaceted Motion in Limine which was that the complainant had been a victim of a sexual assault by a different family member (RR3 at 54-57). The trial court granted this part of the Motion in Limine over objection by the Appellant (RR3 at 57-58). Tex. R. Evid. 412. However, the trial court specifically informed the Appellant that he would revisit this issue if it became relevant. The Appellant never re-urged or attempted to introduce this evidence. Further, the Appellant never requested that the trial court conduct an in camera inspection of the evidence. Tex. R. Evid. 412(3)( c).

Without a specific and timely objection, no error is preserved for appellate

6

review. *Carmona v. State,* 941 S.W.2d 949, 957 (Tex. Crim. App. 1997); *Cano v. State,* 3 S.W.3d 99, 110 (Tex. App.-Corpus Christi 1999, pet. ref'd); Tex. R. App. P. 33.1(a).

The trial court did not err in disallowing this evidence. Tex. R. Evid. 412.

### c. Outcry Statement of Avis Smith

After a hearing and a discussion of the availability of the complainant, Ms. Smith was allowed to testify (RR3 at 38). The State produced the complainant and Ms. Smith met the procedural requirements of article 38.072 (RR3 at 46-47). Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b)(2) (West Supp. 2013). The trial court did not err in allowing this testimony.

### d. Outcry Statement of Lisa Holcomb

After a hearing outside the presence of the jury, the trial court found that Ms. Holcomb met the procedural requirements of article 38.072 (RR3 at 98). Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b)(2) (West Supp. 2013). An out cry statement is event specific, not person specific. When a child is victim to more than one instance of sexual assault, it is possible to have more than one out cry witness. The trial court did not err in allowing the testimony of a second out cry witness. *Robinett v. State,* 383 S.W.3d 758, 761-762 (Tex.App.-Amarillo 2012, no pet.).

## 2. Other Objections or Requests to evidence or witnesss

### a. Access to the Complainant by the Appellant's defense counsel

Although, not a written motion, the Appellant's trial counsel objected, prior

7

the beginning of testimony, that he was not allowed access to the Complainant (RR3 at 4-6). He informed the trial court that the State's attorneys had 'ran him out of the room' and would not allow him to speak with the Complainant (RR3 at 5). And, that further, the State had 'sequestered' the Complainant to a place where he could not physically get to her to speak to her (RR3 at 34-35). The trial court admonished the State's attorneys that they could not prohibit the Complainant from speaking to the defense (RR3 at 7, 44-46).

### b. Medical Records

The Appellant objected to the introduction of the Complainant's medical records which were prepared the day after she made out cry and were prepared at the Children's Assessment Center (State's Exhibit 1). Tex. R. Evid. 803(4), 902(10).

The Appellant objected that the medical record contained information that was not for diagnoses or treatment but was merely another form of 'out cry' (RR4 at 62). The Appellant also objected that he was denied 'confronting' the doctor who prepared the record because the doctor was not going to testify (id.). *Crawford v. Washington*, 541 U.S. 36 (2004); U.S. CONST. amend. VI. The State responded that the medical record was for diagnoses and treatment and was non-testimonial (RR4 at 56, 61-62). *Perez v. State*, No. 14-11-01102-CR, WL 655714 (Tex. App.-Houston [14th Dist.] Feb. 21, 2013, no pet.)(not designated for publication) *citations omitted*; Tex. R. Evid. 803(4). After reviewing the *Perez* case and listening to the Appellant's

8

arguments, the trial court admitted the medical records (State's Exhibit 1; RR4 at 68-69).  As in *Perez*, the trial court was not presented with any evidence that the medical records were created in anticipation of trial (RR4 at 55-69).  Also, as the trial court pointed out, the Appellant had the Complainant available as a witness to confront her about the statements she made to the doctor (RR4 at 67-68).  Without direct evidence that the medical records were created in anticipation of litigation, the trial court did not err in admitting the records.  *Perez v. State*, WL 655714 at *20; *Moses v. State*, 105 at 627 .

**c. DVD's of Complainant**

The Appellant offered two DVDs of the Complainant admitting that she lied about the allegations against the Appellant and that she was not coerced into recanting (RR4 at 168; Defense Exhibit 1 and 2).  The State objected to the exhibits as not being properly authenticated and improper impeachment (RR4 at 170). Tex. R. Evid. 613 and 901.  The trial court sustained the State's objection until such time as the Complainant denied making the statements contained in the Defense Exhibits 1 and 2 (RR4 at 171).

Thereafter, the Appellant did not question the Complainant about the conversations contained in Defense Exhibits 1 and 2 (RR4 at 186-204).  The exhibits were never re-offered.  The trial court did not err in sustaining the State's objection to the proffered evidence (RR4 at 171-172).  *Moses v. State*, 105 S.W.2d at 627.

9

**D. Motions for Mistrial**

The Appellant made two motions for mistrial during the presentation of evidence and one motion for mistrial during jury argument (RR4 at 50; 91; RR5 at 54).

A mistrial is an extreme remedy that is reserved for highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). A trial court's denial of a mistrial is reviewed for an abuse of discretion and an appellate court will view the evidence in the light most favorable to the trial court's ruling. *Id. citations omitted.* The ruling must be upheld if it is in the zone of reasonable disagreement. *Id.*

**a. 1st Motion for Mistrial** - testimony

The State was presenting a witness who had served the warrant on the Appellant (RR4 at 41-43). The State was attempting to elicit hearsay that the Appellant's wife and the mother of the Complainant lied to the officer (RR4 at 47-50). The trial court sustained repeated objections to hearsay and admonished the State's attorney (RR4 at 45-46, 49-50). The officer testified that the Appellant's wife made statements to him that were not true (RR4 at 49). The State then asked, "And, why were they a lie?" (RR4 at 50). The Appellant' objected to the officer's answer because he began to say what the Appellant's wife said (id.). The trial court sustained the hearsay objection and when requested, instructed the jury to disregard the

10

question and the answer (id.).

The trial court did not err in denying the request for a mistrial. The officer did not actually testify to any hearsay and the testimony was not so prejudicial that it could not be cured by the trial court's instruction. *Ocon v. State*, 284 S.W.3d at 884.

### b. 2nd Motion for Mistrial - prosecutorial misconduct

The Appellant requested a mistrial because the State did not recall the Complainant after the Complainant informed the State's attorney that she was not sure that her abuser was the Appellant (RR4 at 84, 85, 90,-91). The Appellant argued that the State was committing prosecutorial misconduct by leaving a false impression with the jury. *Duggan v. State*, 778 S.W.2d 465, 468 (Tex.Crim.App. 1989).

The State's attorney responded that she could not recall the Complainant because she did not believe the Complainant and would be suborning perjury (RR4-84-86, 92).

The trial court did not err in denying the mistrial. Here, the State disclosed the evidence, as required. *Henry v. State*, 738 S.W2d 332, 336 (Tex.App.-Houston[1st Dist.] 1987, pet. ref'd) citing *Brady v. Maryland*, 373 U.S. 83 (1963). And, although the Appellant argued that the State was allowing perjured testimony to stand uncorrected, the record does not support that view (RR4 at 84-93). *Henry v. State*, 738 S.W2d 332, 336 citing *Alcorta v. Texas*, 355 U.S. 28(1957).

Further, if there was error, it was harmless because the Complainant testified

11

that she was not "100 per cent sure it was Gabriel" when recalled by the defense (RR4 at 187). The Complainant testified that she did not like the Appellant and that there were other males living in the home that could have been her abuser (RR4 at 187-188).

### c. 3ʳᵈ Motion for Mistrial - jury argument

Permissible jury argument is argument that: 1) is a summation of the evidence, 2) reasonable deduction from the evidence, 3) answer to opposing counsel's argument, or, 4) plea for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000).

During the State's closing argument she referred to the family of the Complainant as the "Yanez Gestapo because they keep asking. They keep going after 'Complianant[2]'," (RR5 at 54). Appellant's objection was sustained, the jury was instructed to disregard and the motion for mistrial was denied (id).

It is not proper to refer to a Defendant by anything other than his given name or a nickname. See, *Schumacher v. State*, 72 S.W.3d 43, 49 (Tex.App.-Texarkana 2001, pet. ref'd.). Assuming that this was an improper argument, there is a difference "between harmless argument outside the record and arguments calculated to deprive the defendant of a fair and impartial trial." *Ponce v. State,* 299 S.W.3d. 167, 175 (Tex.App.-Eastland, 2009 no pet.) quoting, *Stein v. State*, 492 S.W.2d 548, 552 (Tex.

---

[2]complainant substituted for child's name.

Crim. App. 1973). In *Ponce*, the defendant was referred to as a 'monster'. *Id.* But the appellate court found that the solitary mention of the word 'monster' was not calculated to deprive Ponce a fair and impartial trial and the State did not inject new or harmful facts into the case. *Ponce v. State,* 299 S.W3d at 175.

The trial court did not err in denying the mistrial for jury argument. As in *Ponce*, there was a single mention of the word, 'Gestapo' in 22 pages of closing argument by the State's attorney (RR5 at 32-56). *Id.* The statement was not even directed at the Appellant so much as to the family of the Complainant (RR5 at 54). The instruction to disregard was sufficient to cure the error. *Ocon v. State*, 284 S.W.3d at 884.

## E. Trial - Guilt/Innocence

### 1. Sufficiency of Evidence

The State presented all the elements required for conviction on the indictments (CR1 at 15 and CR2 at 15; RR3 at 68-69, 104, 146-148, 150, 160-161, 171-177, 182; RR4 at 32, 43). The trial attorney was allowed to cross examine the State's witnesses with little interruption (RR3 at 74-78, 91-94, 124-145, 156-160, 167-169, 185-191;RR4 at 33-38, 39-41, 51-54).

The Complainant did not testify to the elements of the indictments (CR1 at 15; CR2 at 15; RR3 at 112, 146, 147, 148, 150). However, she testified that what she told the outcry witnesses was the 'truth' (RR3 at 148). She also testified that she felt like

she was being punished for telling about the abuse (RR3 at 152). When the Complainant was recalled by the Appellant on the defense case in chief, she testified that she was not "100 per cent sure it was" the Appellant (RR4 at 187). The Complainant inferred that there were many other men in the household who had access to her (id.). When crossed by the State's attorney, the Complainant admitted that she had told the prosecutor earlier that she knew it was the Appellant because she opened her eyes and saw him (RR4 at 191-193).

Avis Smith testified that the Complainant appeared to have been crying when she first saw her (RR3 at 68). The Complainant told her that her that the Appellant would come into her room and night and touch her body (RR3 at 69). When Ms. Smith asked her where on her body, the Complainant pointed to her breasts and her 'private area' her vagina (RR3 at 69-70). The Complainant would not say the word 'vagina' but wrote in it down on a piece of paper and then immediately erased it (RR3 at 70). The Complainant told her that it would happen three times a week (RR3 at 74).

Lisa Holcomb, a forensic interviewer, interviewed the Complainant later in the day after the first out cry was made (RR3 at 171, 176, 188). She established that the Complainant knew the difference between the truth and a lie (RR3 at 179). Ms. Holcomb described the Complainant as very shy, very reluctant, and was crying through most of the interview (id.). She described the Complainant as "closing her

eyes" when she described the abuse and that she would hide her face in a pillow or behind a pillow when talking about the abuse (id.).  The Complainant told her that her abuser was her stepfather, Gabriel Palacios, the Appellant (RR3 at 179-180).  The Complainant revealed that the abuse started when she was in 5th grade  (RR3 at 180).  She told Ms. Holcomb that the Appellant would make her perform oral sex on his private area (RR3 at 182, 184).

Medical records detailed the physical exam and the responses of the Complainant regarding her out cry of sexual abuse (State's Exhibit # 1).  In the records, the Complainant told the doctor that the Appellant would make her touch his lower half with her mouth and this 'white thing' would come out (id.).

The Complainant's counselor, Julie Owens, testified that the Complainant told her about the abuse and named the Appellant as her abuser (RR4 at 211-213).

The evidence, presented by the State, was sufficient to convict the Appellant. "When determining sufficiency of evidence, we are to consider all of the evidence admitted before the jury at the guilt/innocence phase of trial."  *Roper v. State*, 917 S.W.2d 128, 130 (Tex. App. - Fort Worth 1996, pet. ref'd) *citing Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990).

When reviewing a challenge to the sufficiency of the evidence, the standard is: "Considering all of the evidence in the light most favorable to the verdict, is a jury rationally justified in finding guilt beyond a reasonable doubt".  *Brooks v. State*, 323

15

S.W.3d 893, 902 (Tex. Crim. App 2010) *citing Jackson v. Virginia*, 43 U.S. 307, 319 (1979). Clearly, the State's evidence, viewed in the "light most favorable to the verdict" was sufficient for any rational trier of fact to convict the Appellant.

Where as here, there was conflicting evidence, the reviewing court may not substitute its opinion for that the jury (RR5 at 59-60). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Brooks v. State*, 323 S.W.3d at 901-902. It is the jury's exclusive province to reconcile any conflicts in the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

Here all conflicts in testimony were resolved against the Appellant, by the jury, and their decision may not be disturbed.

### 2. The Charge on Guilt/Innocence

A review of the charge submitted and argued to the jury reflects no fundamental error and further reflects a proper charge (CR1 at 115-123; CR2 at 115-123 ). The jury must be informed of the individual elements that constitute the offense for which a defendant is being tried and the jury must be provided with the statutory definitions for any term that is statutorily defined. *Benson v. State,* 661 S.W.2d 708 (Tex. Crim. App. 1982) *cert. denied* 467 U.S. 1219 (1983). The court's charges complied with this rule.

The charge in these cases provided the jury with all the elements, definitions

and law applicable to this offense.

The Appellant made two objections to the jury charge.

**a. Extraneous Notice**

The Appellant objected to the language on page 4 of the jury charges where the jury was instructed about any evidence they may have heard about 'extraneous offenses' a.k.a. a limiting instruction (CR1 at 118; CR2 at 118; RR5 at 6-7). The Appellant objected that even though the two cases were being tried together, they were not extraneous offenses (RR5 at 6-7).

The State had filed a Motion to Consolidate the cases pursuant to Tex. Penal Code § § 3.01, 3.02 (CR1 at 61; CR2 at 61). It is apparent from the record that the State and the Appellant had discussed this consolidation and there was no objection to consolidating the cases (RR2 at 7).

If the trial court had not given the limiting instructing, there would be no error because the cases could be 'same transaction contextual evidence'. See, *Lockhart v. State*, 847 S.W.2d 568, 571 (Tex.Crim.App. 1992). However, because of the nature of the cases and the option the jury had of finding the Appellant guilty on one case and not the other, the trial court did not commit error by providing the limiting instruction (RR2 at 63) (trial court *voir dired* on the possibility that the jury could find the Appellant guilty on one case and not the other). The elements for each indictment were testified to by two separate out cry witnesses, Avis Smith and Lisa

17

Holcomb (RR3 at 68-69; 179-184). Because of the instruction that the offenses could have taken place over a period of time, providing the limiting instruction protected the Appellant (CR1 at 117; CR2 at 117; RR5 at 6-7).

### b. Objection to Wording on Guilt/Innocence in Charge

The Appellant requested that the trial court remove the portion of the jury charge that instructed the jury that their 'sole duty' was to determine 'guilt or innocence' at this time (CR1 at 121-122; CR2 at 121-122; RR5 at 7-8; Defense Exhibit 3). The Appellant requested that the trial court substitute for the language in Defense Exhibit 3 (id.). The language would remove the words guilt/innocense from the charge and substitute, 'sole duty is to determine if the State has proven their case beyond a reasonable doubt' (id.). The Appellant did not provide the trial court any law requiring or recommending the change in the language (RR5 at 9).

While substituting the language requested by the Appellant would not have been error, the charge submitted complied with the *Benson* standard. *Benson v. State,* 661 S.W.2d 708. The trial court did not err in denying the requested charge.

## F. Trial - Punishment

The Appellant elected to go the jury for punishment in the event he was convicted (CR1 at 109; CR2 at 109). The Appellant had no prior felony convictions that could be used for enhancement purposes. (CR at 6). Therefore, he faced a range of punishment from 5 years to 99 years or life in the TDCJ and a 10,000 dollar fine if

he were convicted of the Aggravated Sexual Assault of a Child. Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2013).   And, he faced a range of punishment of 2 years to 20 years and a 10,000 dollar fine if he were convicted of the Indecency with a Child. Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2013).

### 1. Punishment evidence

After a fairly quick jury verdict, the Appellant requested the trial court allow him to go to the trial court for punishment (CR1 at 137; RR5 at 62).  Neither the State nor the Appellant offered any additional evidence. Tex. Crim. Proc. Code Ann. § 37.07, sec. 3 (Vernon Supp. 2013).

The Appellant requested mercy from the trial court and asked for a sentence on the low end of the scale (RR5 at 74).

In closing argument, the State requested the trial court sentence the Appellant to 60 years on the Aggravated Sexual Assault of a Child (RR5 at 75-76).  Further, the State requested the trial court to cumulate the sentences  (CR1 at 63; CR2 at 63; RR5 at 75-76).

The  trial court sentenced the Appellant to TDCJ (RR5 at 76-77).  The Appellant received ten years on the Indecency with a Child and twenty-five years on the Aggravated Sexual Assault of a Child under the age of 14 (RR5 at 76-77).

### 2. Is the Sentence Cruel and Unusual?

While the sentence constitutes a substantial amount of time, the trial court

could have assessed a punishment of life in TDCJ. And, although the length of time may seem harsh, the Appellant cannot complain that the sentence violates the United States or Texas Constitutions. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. When a punishment is assessed within the statutory limits, it is not cruel and unusual within constitutional prohibitions. *Benjamin v. State*, 874 S.W.2d 132, 134 (Tex. App.-Hous.[14th Dist.] 1994 no pet.) *citations omitted.*

Here, the Appellant did not have a criminal record but he was convicted of two very serious offenses. Tex. Penal Code Ann. §§ 21.11 and 22.041.

The trial court had the discretion to sentence the Appellant to a maximum of life and he did not do so. See, *Calcote v. State,* 931 S.W.2d 668 (Tex. App.-Hous.[1st Dist.] 1996, no pet.) (Defendant eligible for deferred adjudication received two life sentences for Aggravated Sexual Assault of a Child).

Appellant cannot complain that his sentence is cruel and unusual. It fell within the low-mid range of what the trial court could assess.

## CONCLUSION AND PRAYER FOR RELIEF

FOR THE FOREGOING REASONS, the undersigned prays that this Honorable Court of Appeals review the analysis herein, and the record of the proceedings below, and make a ruling in accord with *Anders v. California* and its progeny and allow counsel on appeal to withdraw.

RESPECTFULLY SUBMITTED,


/s/ Deborah Summers
Deborah Summers
State Bar No. 19505600
11210 Steeplecrest, Suite 120
Houston, Texas 77065
(281) 897-9600
summerspc@sbcglobal.net

ATTORNEY FOR APPELLANT


## CERTIFICATE OF SERVICE


This is to certify that a true and correct copy of the above and foregoing instrument has been furnished to the Harris County District Attorney by service to the email address of Alan Curry, Chief of the Appellant Division, for the Office of the Harris County District Attorney on this the 11th day of April 2014.

/s/ Deborah Summers
Deborah Summers

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(I), the undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e)(I).

1.  Exclusive of the portions exempted by Tex. R. App. Proc. 9.4(i)(1), this brief contains <u>5038</u> words printed in a proportionally spaced typeface.

2.  This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and 12 point font in footnotes produced by Corel Word software.

3.  Upon request undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.  Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. Proc. 9.4(j), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/S/ Deborah Summers
Deborah Summers